GEORGE D. HATCH *vs.* INHABITANTS OF ATTLEBOROUGH.
INHABITANTS OF ATTLEBOROUGH *vs.* GEORGE D. HATCH & others.

An agent of a town, disbursing its funds to fill its quota of soldiers in 1864, paid two thousand dollars for procuring the enlistment of sixteen recruits, which the town accepted upon its quota. *Held,* that, in settlement of his accounts with the town, this amount was allowable to his credit, although no part thereof was paid to seven of the recruits.

The obligors upon the bond of a town treasurer executed after the beginning of his official term, which, after reciting the period of such term, is on condition that he shall faithfully account for and pay over all moneys by him received, are liable thereon for moneys received by him during such term prior to as well as after the execution and acceptance of the bond.

A town treasurer, who, as member of a recruiting committee chosen by vote of the town, receives and disburses money voluntarily contributed by citizens to be expended by the committee to fill the town's quota of soldiers and protect the subscribers from draft, is not responsible, as town treasurer, for such money, nor concluded as to his responsibility by having, as town treasurer, included such receipts and disbursements in his official accounts.

On a hearing to ascertain for what amount execution shall issue, after judgment for the penalty of a bond, no defect or admission in previous pleadings in the action can deprive either party of the right to an equitable adjustment of all claims secured by the bond.

CONTRACT. The first action was by Hatch, for services and expenses in obtaining recruits to fill the quota of soldiers of the town of Attleborough in 1864, and was referred to an auditor. The second action was by the town against Hatch and the sureties on his official bond as town treasurer, and was tried at April term 1866, before *Hoar*, J., and, after a verdict for the plaintiffs, was referred to an assessor.

Upon the return of the reports of the auditor and assessor, the two cases were heard by *Gray*, J., without a jury, and reported by him for determination by the full court. The facts appear sufficiently in the opinion.

*C. I. Reed & C. Allen*, for Hatch and the sureties on his bond.

*E. Ames*, for the Inhabitants of Attleborough.

FOSTER, J. In the action of Hatch against the town of Attleborough we are of opinion that the plaintiff's claim ought not to be reduced by deducting eight hundred and seventy-five dollars from the item of two thousand dollars charged for furnishing sixteen recruits, at one hundred and twenty-five dollars each. The ground of objection is, that seven men were obtained without bounty, and that only one hundred and twenty-five dollars per man could lawfully be paid out of the treasury of the town. But the charge allowed in the report of the auditor does not exceed that rate for all the recruits procured; and, as the town accepted the soldiers and received the benefit of the entire number upon its quota, justice requires that the agent by whom they were procured should be reimbursed for all his payments up to the limits of the expenditure which the law allowed the town to make.

The surplus of one hundred dollars paid on July 12 for three recruits, and that of sixteen hundred dollars for sixteen recruits on September 30, must be disallowed. These payments were unlawful, and cannot be credited to the treasurer in his accounts with the town. No vote to pay out of the treasury a larger bounty than one hundred and twenty-five dollars per man is shown ; and, if there had been one, it would be in express violation of the statutes. St. 1863, c. 122. St. 1864, cc. 103, 120. The claim of the treasurer under the reimbursement votes of the

town is sufficiently answered by the fact that no money appears to have been paid out under them. Besides, they are a palpable but ineffectual evasion of the explicit provisions of the statutes. We can regard them in no other light than as an attempt indirectly to violate the law, and pay more bounty than one hundred and twenty-five dollars to each soldier. If the treasurer had acted under them, he would have made the payments in his own wrong, and been liable to account for the excess of expenditure over one hundred and twenty-five dollars per man, under the St. of 1863, c. 122, § 2. But it is not shown that any action was taken under these votes after they were passed

The pretence that Hatch may recover more than one hundred and twenty-five dollars per man by virtue of the bargain between himself and the other members of the recruiting committee chosen by vote of the town, cannot be allowed any validity. The committee could not bind the town to pay more than the statute authorized. And it would be contrary to every rule which governs the relations between principal and agent, to permit one member of a committee all of whom are joint agents, to resign his position after he has once accepted and acted under t, and then to make contracts for his own profit with his asso ciates, touching the subject of their agency. Moreover, Mr. Hatch appears to have continued to act as agent after the date of his supposed resignation and of the agreement.

The sum of twenty-two hundred dollars, charged as paid to Guilford White, must likewise be disallowed. It was found as a fact that this payment was " gratuitous, unreasonable, unnecessary, and without any consideration whatever."

The total charges allowed are eleven thousand three hundred and eighty-three dollars and seven cents. The payment already made, of nine thousand dollars, is to be deducted, and for the balance of twenty-three hundred and eighty-three dollars and seven cents the plaintiff is entitled to judgment. This result is in exact conformity with the finding of the judge at the trial.

The second action is by the town against Hatch and the sureties on his official bond as treasurer. This instrument bears date August 1, 1864, and, after reciting that Hatch has been

chosen treasurer for the current year, is on condition that he shall as treasurer faithfully account for and pay over all moneys by him received.

The objection made at the trial, before Mr. Justice Hoar, and by him overruled, was that by the terms of the bond the obligors were not liable for any money except such as was received after the execution thereof. We do not so read its language or inter-pret its provisions. The defendant Hatch held the office of treasurer for the entire municipal year of 1864, and, if any money came into his hands before his bond was given and accepted, it is as much secured by the bond as that received afterwards. The same construction is always given to the bond of an exec-utor or administrator. *Dawes* v. *Edes,* 13 Mass. 177. The plaintiffs are therefore entitled to judgment for the penalty.

We have next to consider the report of the auditor and the findings of the court at the trial at April term 1867, which was a proceeding to assess damages for the breach of the condition of the bond. Hatch and his sureties are not liable for the sum of thirty-eight hundred and thirteen dollars collected as a volun-tary subscription from such of the citizens as chose to contribute to a fund to fill the quota of the town and protect the inhabi-tants from a draft. The money was expressly given to be ex-pended by the town recruiting committee; and in case of a draft subscribers were to be protected from it in proportion to the funds on hand. We cannot doubt that this money came into the hands of the defendant as one of the recruiting committee, and not as town treasurer; that it might, in the discretion of the committee, be applied to uses to which the money of the town could not be legally appropriated; that the very object of the subscription was to enable the committee to pay a higher bounty than one hundred and twenty-five dollars, which was all the statute permitted the town to give; and that it was also de-signed to be used to procure substitutes or to pay commutation money for drafted men. Under these circumstances, we regard Mr. Hatch as responsible for the use of these funds to the re-cruiting committee, of which he was a member, and to the sub-scribers, but not in his official capacity to the town. He is not

concluded by the mode in which he rendered his accounts as treasurer, and this sum of thirty-eight hundred and thirteen dollars should be struck from the items with which he is chargeable.

The one hundred and fifty dollars repaid by Cumston as a part of the commutation money paid for him is also to be subtracted from the debit side of the account. This was merely a return of half of the advance of three hundred dollars made by Hatch pursuant to the orders of the recruiting committee. In his capacity as treasurer, the defendant can neither be credited with the payment, nor charged with the portion refunded.

The debit account should therefore be reduced by these two items, amounting to thirty-nine hundred and sixty-three dollars.

But the other side of the treasurer's account must be reformed in conformity with the same principles. He cannot be allowed charges for objects for which the town could not lawfully appropriate money. Of this character are the following:

1. Commutation for seven drafted men, twenty-one hundred dollars; 2. Excess beyond one hundred and twenty-five dollars each in the bounty charged for ten and one third men procured by the recruiting committee, namely, twenty-one hundred and ninety dollars actually paid, where only twelve hundred and ninety-one dollars and sixty-seven cents was legally payable, the difference being eight hundred and ninety-eight dollars and thirty-three cents; 3. Excess of bounty paid to Albert Gardner, seventy-five dollars; 4. The same paid to Williams, two hundred and fifty dollars; 5. The same paid to "one recruit," seventy-five dollars. This whole reduction of credits is thirty-three hundred and ninety-eight dollars and thirty-three cents.

After making on each side of the account the corrections above stated, it appears that five hundred and sixty-four dollars and sixty-seven cents is to be deducted from the amount found due on the bond. The town is entitled to judgment for the penalty of the bond, and that execution issue for the balance of sixty-eight hundred and seven dollars and thirty-seven cents, with interest from the date of the writ.

We do not consider that the parties on either side are pre-

cluded from raising any of the questions affecting the true and legal adjustment of the accounts, by the state of the pleadings. Upon the reports, in each case everything is open that would be on agreed facts. In the action by Hatch against the town, the rulings of the presiding judge are simply affirmed; and no objection was made to the competency, under the answer, of any evidence introduced at the trial. The second action is in the nature of debt on a penal bond, in which judgment is always rendered for the penalty if any breach of its condition is proved. The hearing to ascertain for what amount execution shall be awarded is an assessment of damages according to equitable principles, and no pleadings on either side are required. Nor can any defect or admission in the previous pleadings deprive either party of the right to a complete adjustment of all the claims secured by the bond. *Merrill* v. *McIntire*, 13 Gray, 157.