[Filed June 21, 1892.]

OREGON RAILWAY & NAVIGATION CO. *v.* E. R. SWINBURNE et al.

Written Instrument— Date — Delivery— Intent of Parties.—Unless there is something to indicate a different intention, a written instrument takes effect from its delivery, and not from its date; but where it appears from the language of the instrument that it was intended to cover a certain period, or to incur a certain liability, although anterior to its actual delivery, it will, when delivered, relate back and take effect according to its terms and the intention of the parties.

Account Stated — Pleading.— If a party to an action intends to rely upon a statement of account as conclusive of what is due from the opposite party, it must be pleaded as an account stated.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.—Before parties can be bound by the acts or declarations of one professing to be their agent, his authority as such agent must be shown.

CONSTRUCTION OF BOND—RAILROADS—RIGHT OF WAY.—In an action on a bond conditioned for the payment to a railroad company of all reasonable sums of money by it paid out in securing a right of way, depot grounds, and terminal facilities for a line of railway between two points, it was *held:* (*a*) that the obligors are not liable for a certain sum in gross for the whole right of way, etc., but only for such several sums as are reasonable in each instance where it was necessary to expend them for that purpose; (*b*) that the award of the arbitrators in contested cases about the right of way, is competent evidence of the reasonableness of the amounts paid in those cases; and (*c*) that the bond does not indemnify the company for money expended in criminal prosecutions arising out of disputes about the right of way.

Morrow county: W. L. BRADSHAW, Judge.

Plaintiff appeals.   Reversed.

*Zera Snow,* for Appellant.

*A. S. Bennett,* for Respondent.

BEAN, J.—This is an action brought by plaintiff against about eighty residents of Morrow county to recover a sum of money claimed to be due upon a bond, which was executed by the defendants to reïmburse the plaintiff for moneys expended by it in procuring rights of way for the Heppner branch of plaintiff's railroad, from Willows Junction to Heppner.   The bond is as follows:—

"Know all men by these presents: That we (here follows a list of the signatures to the bond), of the county of Morrow and state of Oregon, are held and firmly bound unto the Oregon Railway & Navigation Company, a private corporation organized and existing under the laws of the state of Oregon, in the penal sum of thirty thousand dollars, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Signed with our hands and sealed with our seals this fourteenth day of April, 1888.   The condition of the above obligation is such, that, whereas the Oregon Railway & Nav-

igation Company has agreed to construct, equip, and have in operation on or prior to the first day of January, 1889, a branch line of railway, starting from some point on its main line on the Columbia river, at or near the mouth of Willow creek, in Oregon, and running to the town of Heppner, in Morrow county, via the town of Lexington, and to establish and maintain all necessary shipping facilities at the town of Lexington, the town of Heppner, and other convenient points along the line of said road; and, to that end, to procure lands for right of way, depot grounds, and terminal facilities along the line of said road, and to pay such sums as may be required for such purposes, and as shall be reasonable, on condition that the amount so expended shall be re-paid to it, the said company; now, therefore, if the said company shall, in all respects, build, equip, and maintain its said line of road with stations and shipping facilities within the time above specified, and do all acts requisite and necessary in the premises; and the parties of the first part shall, upon the performance of said undertaking, pay the said company, well and truly, or cause to be paid to the said company, all reasonable sums of money by it paid out in the matter of securing a right of way, depot grounds, and terminal facilities for said line of railway, these presents shall be void, otherwise to be and remain in full force and virtue."

The plaintiff, having complied with the conditions of the bond on its part, and paid out and expended, as it alleges, the reasonable sum of twenty-four thousand nine hundred and thirty-three dollars and seventy-two cents in securing lands for right of way, depot grounds, and terminal facilities, only seventeen thousand one hundred and four dollars and thirty cents of which has been repaid to it, brings this action to recover the balance of such expenditure. A trial before a jury resulted in a verdict and judgment in plaintiff's favor for the sum of one thousand and sixty-six dollars, from which it brings this appeal, assign-

ing error in the admission and exclusion of testimony, and instructions to the jury. These assignments of error can be most conveniently considered in the order in which they are presented in the brief.

The bond upon which the suit is brought, seems to have been the result of negotiations between the plaintiff and the citizens of Heppner and vicinity, looking to the construction and operation of a branch railway line from its main line to that place. After various public meetings in Heppner, held for the purpose of considering the matter and devising ways and means to obtain a railroad from Heppner to the Columbia river, there to connect with plaintiff's road, at which meetings some of the defendants were present—but just who does not appear—it was finally understood that if the necessary land for right of way, depot grounds, and terminal facilities should be provided or paid for by the citizens, the plaintiff would construct the road; and to carry out this understanding, the bond was prepared and the signatures of defendants procured by various citizens of Heppner; but just the time of its execution and delivery is uncertain from the evidence, and may have been as late as "from two weeks to two months after its date"; but in the mean time, and while the signatures were being obtained, and pending delivery of the bond, preparations for the work of construction of the road had begun, and some rights of way obtained and paid for by plaintiff before the final delivery of the bond.

It is insisted by defendants, and was so held by the court below, that there is no liability on their part for any expenditure made by plaintiff in procuring rights of way, depot grounds, or terminal facilities prior to its actual delivery of the bond, although paid out and expended by plaintiff after its agreement or understanding with the citizens of Heppner and after the date of the bond.

Unless there is something to indicate a different intention, a deed or instrument in writing speaks and takes effect

XXII OR.—37.

from the date of delivery, and not from its date; but where it appears from the language of the instrument that it was intended to cover a certain period or incur a certain liability, although anterior to its actual delivery, it will, when delivered, relate back and take effect in accordance with its terms and the intention of the parties. (*Ætna Life Ins. Co.* v. *American Surety Co.* 34 Fed. Rep. 291; *Dawes* v. *Edes,* 13 Mass. 177; *Hatch* v. *Attleborough,* 97 Mass. 533.)

By the bond in this case, defendants agreed, if the plaintiff should comply with the terms of the bond on its part, to pay, or cause to be paid to it, "all reasonable sums of money by it paid out in the matter of securing a right of way, depot grounds, and terminal facilities" for the road from Willow to Heppner. The manifest effect of this stipulation or provision, when construed in the light of the circumstances surrounding the execution of the bond, the object to be accomplished, and the evident design and intention of the parties, is to make the defendants liable for a reasonable sum paid out by plaintiff in procuring the right of way, depot and terminal grounds after the date of the bond, whether before or after its formal delivery. By the terms of the contract, plaintiff was to construct and build a branch line of road from a point intersecting its main line at Willows to the town of Heppner, and defendants were to defray all reasonable expenses attached to the procurement of the right of way, depot grounds, and terminal facilities for such line; and as an obligation on their part to do so, the bond was executed. When, therefore, the bond was delivered, it related back and covered such expenditures within its terms as were made after its date, although before the formal delivery. We think, therefore, the court erred in holding that defendants were only liable for expenditures made after the formal delivery of the bond.

Plaintiff claims that the court erred in ruling and holding that the measure of defendants' liability under the bond is the reasonable sum paid for each particular right

of way, and not a reasonable amount in gross for the entire right of way. This, it seems to us, is the proper construction of the bond, and the true measure of defendants' liability. The conditions of the bond are not for the payment of a gross sum, which shall be reasonable for the entire right of way, but the repayment to plaintiff of such sums as it shall be required to pay for that purpose, and as shall be reasonable. It is not an agreement on behalf of defendants to pay plaintiff the reasonable value of a right of way, depot grounds, and terminal facilities, but is a contract of indemnity, and an agreement to repay to plaintiff such reasonable sums as it may be required to expend for that purpose. The defendants are, therefore, only liable for such sums as plaintiff was required to expend for the purpose specified, and then only in the amount that may be reasonable in each particular instance.
· The contract between plaintiff and Penland, Bishop, Morrow, and Cunningham was not competent evidence in the case. It was an independent contract between plaintiff and those parties; and although they may have procured the bond in suit to be executed and delivered in pursuance of the agreement, the defendants' liability is measured by the terms of the bond, and not the preliminary agreement. Nor was it competent evidence as one of the surrounding circumstances in the light of which the bond is to be construed; for it does not appear that defendants knew at the time the bond was executed of the existence of the agreement, or that it was being executed in pursuance of any such an agreement.

In two or three instances the defendants claimed that the amounts paid by plaintiff were unreasonable. To rebut this claim, plaintiff offered to show that the prices paid by it were fixed by arbitration between the land owners and the company, but the court refused to admit such evidence. By the agreement between the plaintiff and defendants, plaintiff was to obtain and pay for the right of way in the

first instance, and defendants were to reïmburse it for all reasonable sums so paid for that purpose. By their agreement, the defendants must be considered to have impliedly consented that plaintiff might resort to the means usually employed in such cases, in determining the amount to be paid for rights of way; and if in so doing, a *bona fide* dispute between it and a land owner was in good faith submitted to arbitration, the award of the arbitrators was, we think, competent evidence on the question of the reasonableness of the amount paid by plaintiff.

There was no error in ruling and holding, under the pleadings in this case, that the account offered and received in evidence in behalf of plaintiff, did not have the effect of an account stated. There was no stated account pleaded, but the plaintiff in its pleadings relies upon the liability of defendants under the terms of the bond. In order to become available as a stated account, it must be so pleaded. (*Bump* v. *Cooper*, 20 Or. 527.)

Plaintiff sought to charge the defendants with six hundred dollars paid one Keithley for property in Heppner, not used by it as a right of way, or for depot grounds, or terminal facilities, and also for three hundred dollars expenses incurred by it in criminal proceedings growing out of a controversy with some land owner along the road, but the court held that neither of these amounts was properly chargeable against the defendants. This was manifestly correct. Defendants were under no obligations to pay for property purchased by plaintiff unless necessary for right of way, depot grounds, or terminal facilities, nor did they agree to reïmburse plaintiff for expenses incurred in criminal proceedings. If it undertook to go across premises without procuring a right of way, or the owner's consent, and thereby involved itself and employés in criminal proceedings, and the costs and expenses incident thereto, it did so on its own responsibilities, and cannot hold these defendants liable for the expenses so incurred.

One George Harrington, appointed at some public meeting in Heppner, coöperated with the right of way agent of plaintiff in purchasing and securing rights of way, but there is no evidence to show that he was employed by or acting for these defendants with their knowledge or consent; and, therefore, they are not bound by his acts or agreements; and although he may have consented and agreed to the amounts paid for rights of way, his acts are not competent evidence against these defendants.

The judgment is reversed, and a new trial ordered.