·CASE 27—ACTION TO RECOVER MONEY PAID BY MISTAKE—MARCH 29.

# Graves v. County First National Bank of Mayfield.

APPEAL FROM GRAVES, CIRCUIT COURT.

JUDGMENT FOR DEFENDANT.  PLAINTIFF APPEALS.  AFFIRMED.

TAXATION OF NATIONAL BANKS—RECOVERY OF MONEY REFUNDED UN-
DER MISTAKE—WRONG REASON FOR RIGHT JUDGMENT—JUDICIAL
NOTICE OF THE RULING OF THE SUPREME COURT OF THE NATION.

Held:  1. The franchise of a national bank is not subject to taxa-
tion for county purposes.

2. After taxes have been refunded by the county to a bank for which
the bank was not legally liable, the county can not thereafter re-
cover such taxes from the bank, on the ground that they were
refunded by the county under a mistake of the law.

3. A correct judgment will be affirmed without regard to the reason
which influenced the lower court in giving it.

4. This court should take judicial notice of the law as declared by
the supreme court of the nation, in this class of cases, whether
the question has been raised in the lower court or not.

Graves County v. First Nat. Bank of Mayfield.

R. O. HESTER AND W. H. HESTER, ATTORNEYS FOR APPELLANT.

1. The taxes were assessed and collected before the erroneous ruling of this court was made, and all that was afterward done, was simply a repayment by the county to the bank. Appellee acquired no vested right by contract, no compromise of a doubtful claim and no consideration for the repayment; a mistake of law, pure and simple, and it has been repeatedly held by this court that a mistake of law can be relieved against. Underwood v. Brockman, &c., 4 Dana, 317, 319; City of Louisville v. Henning & Speed, 1 Bush, 383; McMurtry v. Ky. Central R. R. Co., 84 Ky., 484; City of Louisville v. Anderson, 79 Ky., 344; 7 Cushing, 131; Town Counsel of Cohaha v. Burnett, 34 Ala.; 3 Littell, 482; Ky. Stats., 174; Commonwealth, &c., v. Farmers' Bank of Kentucky, 97 Ky., 590; Henderson Nat. Bank v. City of Henderson, 19 Ky. Law Rep., 728; City of Covington v. Powell, 2 Met., 228; Elmendorf v. Carmichael, 3 Littell, 482.

ROBERTSON, ROBBINS & THOMAS FOR APPELLEE.

1. The money was paid by the appellant voluntarily with a full knowledge of what the law was at the time, and the payment of the taxes by appellant to appellee was by virtue of a contract with appellant and thereby became vested in the appellee, and can not now be recovered by appellant. Harman v. Auditor, 123 Ill., 122, 35, 36; Whaley v. Gaiiard, 21 S. C., 560-72; Geddes v. Brown, 5 Phila., 180-7; Menges v. Dentley, 33 Penn. State, 495; Harris v. Jex, 55 N. Y., 421; In re Dunham, 9 Phila., 471; Am. Law Review, 190; 105 U. S., 728; 105 U. S., 60, 728 and 278; 109 U. S., 104; 94 U. S., 645; 116 U. S., 356-65; 18 Am. & Eng. Ency., 214; 16 Blatchford, 296; Sutherland on Statutory Construction, sec. 319; Reno on Non-residents, secs. 32, 33, 34; 1 Wallace, 175; 16 Howard, U. S,. 416; 101 U. S., 677; 84 Ky., p. 59.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

The appellee, prior to October, 1895, paid to appellant county taxes on its franchise amounting to several hundred dollars. At the November term of the Graves County Court the appellee obtained from the fiscal court of Graves county an order to refund to it, $943.50, the amount of taxes, and interest thereon, theretofore paid by appellant, which sum it appears was collected by the appellee;

and the object of this suit was to recover the same from the appellee upon the ground that such refunding or paying back upon the part of the county was through a mistake of law and fact. The court below sustained a demurrer to the petition, and dismissed the same; hence this appeal.

It is evident that the bank paid the taxes for the years indicated in the petition upon the supposition that the same could be legally collected. This bank had accepted the provisions of the Hewitt bill prior to the adoption of the present Constitution. In the spring of 1895 this court decided that the banks which had accepted the provisions of the Hewitt bill could not be required to pay county taxes upon their shares and capital stock, and we presume that on account of said decision the county paid back the taxes now sought to be recovered. In 1897 this court overruled its former decision hereinbefore referred to, and held that the Hewitt law was repealed, and that banks were liable to taxation for county purposes; and after the rendition of the last opinion this suit was instituted. It is not necessary to consider the contentions of counsel for appellant and appellee, for the reason that since the institution of this suit the supreme court of the United States has decided that appellee was not subject to such county taxation, and, inasmuch as the taxes in controversy were collected without authority of law, and having been paid back to the appellee by appellant, no recovery can be had in this case. It is doubtless true that neither party recognized or believed at the time that appellee was exempt under the laws of the United States, and that question has not been argued by counsel. Yet this court should take judicial notice of the law as declared by the supreme court of the nation in this class

of cases, and, inasmuch as the taxes were collected without authority of law, and have been in fact returned to appellee, it necessarily follows that the petition failed to show a right to recover; hence the demurrer was properly sustained, and it is wholly immaterial as to the reason which influenced the court below. The judgment, being in accordance with the law, should be affirmed. For the reasons indicated, the judgment is affirmed.

---

CASE 28—PETITION TO VACATE AND MODIFY JUDGMENT DISMISSING
     APPEAL—MARCH 29.