Argued at Pendleton May 2, affirmed May 31, 1921.

## ALLEN *v.* BILYEU.

(198 Pac. 208.)

**Taxation—Return of Taxes Refunded, Though for Insufficient Reason, not Required Where Assessment was Void.**

1. The assessment of the stock of a national bank to it, instead of to the stockholders, being contrary to Section 5219, Revised Statutes of the United States (U. S. Comp. Stats., § 9784), and so void, so that no application to the board of equalization to correct or set it aside was necessary, the bank will not be required to return the part of the tax refunded to it by order of the County Court, though the refund was for the insufficient reason that the property had been overvalued; the right of the bank to relief on that account having been lost by failure to apply to the board of equalization to correct the discriminatory assessment.

From Wallowa: JOHN W. KNOWLES, Judge.

In Banc.

The plaintiffs, as taxpayers of Wallowa County, brought this suit to compel the defendant bank to refund the sum of $584.25 alleged to have been unlawfully rebated upon the amount collected from the bank for taxes of 1914. The pleadings are too long to be inserted here but allege in substance that defendants Marvin, County Judge, and Litch, County Commissioner, conspired with defendant bank to present a fraudulent and groundless claim of $584.25 for alleged overpayment of taxes with the understanding that Marvin, Litch and Newby, sitting as the County Court, would allow such unlawful claim; and that in pursuance of such unlawful and fraudulent conspiracy the defendant bank presented such claim and the defendants Marvin and Litch, and Newby, sitting as the County Court, allowed and paid it.

Defendants deny the charges of fraud and conspiracy and allege for a defense: (1) That defendant bank is a national bank and that for the year 1914

the capital and shares of said bank were assessed to it and not to the stockholders, such assessment being contrary to Section 5219, United States Revised Statutes (U. S. Comp. Stats., § 9784); that such assessment was void and the defendant bank was entitled to recover it; and (2) that while property in Wallowa County was usually assessed at a valuation of 75 cents on the dollar, the property of defendant bank was assessed at 100 cents on the dollar, whereby there was an unfair and unjust discrimination against the bank; that in 1915 when the bank was about to bring suit against the sheriff to enjoin the collection of such inequitable tax it was agreed between the County Court and the bank that if the latter would not bring suit but would pay the taxes as assessed, the county would rebate and return to said bank the sum of $584.25, being 25 per cent of the total amount assessed; and that thereupon the bank paid the taxes assessed and presented its claim as agreed upon, which was allowed.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. J. A. Burleigh* and *Mr. A. Fairchild,* with an oral argument by *Mr. Burleigh.*

For respondents there was a brief with oral arguments by *Mr. A. S. Cooley* and *Mr. D. W. Sheahan.*

McBRIDE, J.—1. So far as the overvaluation of its property is concerned, it would seem that the bank had lost any claim to recover on that score by reason of the fact that it had not applied to the board of equalization to correct such discriminatory assessment, if such was in fact made. But it clearly appears that the assessment upon shares of the capital stock was made against the bank, instead of against

the stockholders, and to this extent the assessment was void and the bank was not required to apply to the board of equalization to correct or set aside an absolutely void assessment. So, whatever may have been in the contemplation of the County Court at the time it made the order, the law will not interfere to compel the defendant bank to return the money refunded simply because the court gave a wrong reason for a proper decision: *Graves County* v. *First Nat. Bank et al.,* 108 Ky. 194 (56 S. W. 16).

The decree is affirmed.    AFFIRMED.