Submitted on briefs January 7; affirmed March 4, 1930

# BEACH ET AL. *v.* BRIGHTWOOD CO., INC.

(285 P. 259)

*W. B. Shively* of Portland for appellant.

*L. Stipp* of Portland for respondents.

BELT, J. This is a suit for strict foreclosure of a contract to purchase real property. The plaintiffs, who reside at Saginaw, Michigan, executed a written contract, dated April 7, 1925, whereby they agreed to sell certain property in Clackamas county, Oregon, to the defendant for $2,500; $500 was to be paid "on the execution and delivery of the contract; $500 or more one year from date; $500, or more, two years from date;" and the balance of the purchase price on or before three years from date. Plaintiff claims that defendant has made only the following payments: $500 on March 10, 1926; $300 on August 2, 1927; and $500 on November 2, 1927. There is no dispute between the parties as to the amount of payments ($1,300). The real controversy is whether defendant was in default at time suit was commenced in February, 1928.

Upon execution of the contract, it was forwarded by plaintiffs to their agent, J. W. Draper, at Oregon City, Oregon. It was not executed by the defendant company until January 14, 1927. Was time of payments to be determined from date of contract, April 7, 1925, or from date of execution and delivery of the contract? If payments were to have been made from date of contract, defendant was clearly in default; but, if the time of payments be computed from execution and delivery of the contract, the suit was prematurely commenced. As stated in *Oregon Railway & Navigation Co. v. E. R. Swinburne et al.*, 22 Or. 574 (30 P. 322):

"Unless there is something to indicate a different intention, a deed or instrument in writing speaks and takes effect from the date of delivery, and not from its date; but where it appears from the language of the instrument that it was intended to cover a certain

period or incur a certain liability, although anterior to its actual delivery, it will, when delivered, relate back and take effect in accordance with its terms and the intention of the parties.''

In 13 C. J. 308, it is said:

''\* \* \* it is competent for the parties to agree that the contract shall take effect as of a date earlier than that on which it is executed.''

Looking to the contract itself we see nothing ambiguous or uncertain about the terms and time of payment. ''$500, or more, one year from date'' clearly means from date of contract and not from date of execution and delivery. The parties themselves so construed it, as shown by the correspondence introduced in evidence.

When the first payment was remitted, Draper, with the knowledge and consent of William L. Borthwick, secretary and treasurer of the defendant company, wrote to plaintiffs, on March 10, 1926, in part as follows:

''This payment was made this morning, and I make haste to send to you. Mr. Borthwick, the other party to the contract, and I appreciate your leniency in this, and he wishes that you would allow him to make a payment of $250 on the 7th of next month, and the balance of the payment six months thereafter, instead of the full amount of $500 then.''

It is noted that ''a payment of $250 on the 7th of next month'' would be a payment on April 7, 1926, or one year from date of contract. On March 15, 1926, E. L. Beach, acting for the plaintiffs, wrote in response to the above letter, as follows:

''\* \* \* I note what you say about the payment of $250 on the 7th of next month, and the balance within six months. Mr. Borthwick should not ask this

favor, as we have waited one year now for the first payment to be made. These contracts were made April 8, 1925, and I hope he will make his payments as agreed upon in our contract, * * * and I believe he should pay the amounts as specified in the contract.''

This letter was shown to the defendant company through its agent, Borthwick. Again, on November 13, 1926, plaintiffs, through their agent, wrote Draper:

''* * * I wish you would send the contract and have Mr. Borthwick send the balance of the money due, as the $250 should have been sent on April 7th, and now the balance is long past due, it should have been paid September 10.''

This letter was also shown to Borthwick. On November 14, 1927, Borthwick wrote to plaintiff, Robert S. Beach, as follows:

''I enclose herewith check for five hundred (500) dollars to apply on contract of purchase * * *. It is to be accepted, however, with the understanding that the time for the other $500 is extended until January 1, 1928, and I trust this will be acceptable to you.''

On November 21, 1927, the plaintiff thus replied to Borthwick:

     *          *          *          *          *

''In your letter you state that this is to apply on the contract provided the next payment may be made on January 1, 1928. We have received and accepted this payment of $500 and will expect the next payment of $500 to be made on January 1, 1928; but January 1st does not mean January 15th so please have your payment here by January 1st.

''I want it understood that if the payment is not made on January 1st, I am at liberty to commence foreclosure proceedings, which I very much dislike to do, but will do unless we receive this payment.''

On January 10, 1928, plaintiff again wrote Borthwick:

"I am today writing Mr. Draper to start foreclosure proceedings on this contract. I am very sorry to be compelled to do this, but there is no other course open."

The above correspondence clearly indicates that the parties contemplated and intended that the payments should be made as specified in the contract unless otherwise modified by mutual agreement.

It is urged for the first time that the complaint is fatally defective in that there is no allegation that plaintiffs are ready, able, and willing to convey title by good and sufficient warranty deed nor that such deed was ever tendered to defendant. No attack whatever was made in the lower court as to the legal sufficiency of the pleading. Appellant's contention, therefore, should be looked upon with disfavor here. No question was raised concerning the vendors' title or ability to perform on their part. The case was tried on its merits and no objection was made to the introduction of testimony for the reason that a cause of suit was not alleged in the complaint. Courts are becoming more and more inclined to do away with feigned or fictitious issues. Substance should not be sacrificed for form. Defendant knew from the pleading the nature and scope of the cause of suit. By resorting to an attack on the form of the complaint, it now—after having had possession of the property for several years—seeks to avoid payment under the contract, although clearly in default. Rules of procedure should not be permitted thus to shackle justice. We think appellant has waived any question concerning the ability of the vendors to convey title in the event payment was made.

The decree of foreclosure, allowing the defendant 90 days within which to pay the amount due under the contract, is affirmed. The decree, however, should be modified by correctly describing the property involved. The cause will be remanded for that purpose. In the event that defendant pays such amount within 30 days from date of mandate, the plaintiffs shall execute and deliver a good and sufficient warranty deed to defendant conveying the property purchased, free and clear of any incumbrances, together with abstract of title in accordance with the contract. If payment be not made within the above time, a decree shall be entered declaring a cancelation of the contract and a forfeiture of defendant's interest therein. Plaintiffs are entitled to costs and disbursements.