STATE OF IOWA ex rel. BOARD OF RAILROAD COMMISSIONERS, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.

STATE OF IOWA ex rel. BOARD OF RAILROAD COMMISSIONERS, Appellant, v. GLENS FALLS INDEMNITY COMPANY, Appellee.

No. 43195.

APRIL 7, 1936.

REHEARING DENIED OCTOBER 2, 1936.

John C. DeMar, Commerce Counsel, and Stephen Robinson, Assistant Commerce Counsel, for appellant.

H. B. White, for appellee United States Fidelity & Guaranty Co.

Parrish, Cohen, Guthrie & Watters, for appellee Glens Falls Indemnity Co.

RICHARDS, J.—The opinion applies to the two above-entitled cases, which have been consolidated. Each action was brought upon a bond purporting to secure the payment of motor vehicle taxes. The sureties only are defendants. The principals on the bonds had been licensed to operate as motor carriers under the

provisions of chapters 252-A1 and 252-A2 of the 1931 Code. The payment of certain taxes and possible penalties becomes the statutory obligation of licensed motor carriers. The bonds were identical excepting as to amount and as to names of obligors. The appellees admitted their liability for the taxes that accrued from and after the execution of the bonds, but denied liability for those previously accrued. The district court entered judgment against the defendants for only the taxes and penalties accruing from and after the execution of the bonds, from which plaintiff has taken this appeal. The only question involved is the liability of the defendants for the taxes and penalties accruing prior to execution of the bonds.

In the first above entitled case, in which defendant United States Fidelity & Guaranty Company was surety and G. Nagel was the licensee and principal on the bond, the material portion of the bond is in the following words:

"The condition of the foregoing obligation is, that, whereas, the above bound principal has been duly granted a Certificate to operate as a Motor Carrier, by the Board of Railroad Commissioners of Iowa, under the provisions of chapters 252-A1 and 252-A2, Code of Iowa, 1931, and the Rules and Regulations thereunder adopted.

"Now, therefore, if the said G. Nagel, D. B. A. Northwest Freight Lines shall pay the taxes and penalties incurred under the provisions of said chapter 252-A2, Code of Iowa, 1931, then this obligation shall be null and void and of no effect, otherwise to be and remain in full force."

In the second above entitled case in which Glens Falls Indemnity Company was defendant, the bond contains provisions identical with those above quoted excepting as to the name of the principal.

The litigants in argument suggest that the solution of this controversy depends largely on the intendment of the words "taxes and penalties incurred" as used in the instruments. An arbitrary and strictly literal interpretation of these words, without more, might limit their application to prior transactions, on account of the past tense of the verb "incur" having been selected for use. But all parties concede no such meaning was intended, and it is obvious we have here a loose and inaccurate expression, the meaning of which must be ascertained

by the usual rules applicable to interpretation of contracts, because, after all is said, a bond is nothing but a contract. We have no definite meaning to be ascribed to these instruments as statutory bonds, because such they are not.

The covenants of these bonds are not against a liability of the principal, unlikely to ever become an actual obligation to pay money, as in case of a fidelity bond given by a fiduciary against a loss of contemplated improbability, possible to arise only in event of some untoward thing happening in the future. The covenants of the bonds under consideration were to pay a positive liability of the principal. The bonds partially described this liability as "taxes and penalties incurred under the provisions of said chapter 252-A2. * * * " But further designations of the liability against which the covenants run appear from reading the entire instrument; for we find the bonds recite that the principals had been licensed as motor carriers. This recital designated the status of the principals, as to liability for taxes, at the time the bond was signed. This status was that of liability for whatever taxes had previously been incurred by the principal under the statutes referred to in the bonds as the source of the tax liability. The condition of the bond from which we have set out the material portions runs in these words, "If the said G. Nagel * * * shall pay the taxes and penalties incurred under the provisions of said chapter 252-A2, * * * " then the bond to be void. This phrase leaves to inference the obvious fact that Nagel was contemplated as the person incurring these taxes and penalties. If the inference were expressed, the condition would read, "If the said G. Nagel * * * shall pay the taxes and penalties incurred *by him* under the provisions of said chapter. * * * " In the instrument there is also the recital that it is "whereas," or because, Nagel has been licensed that the bond is executed. Aggregating these several expressions of intent of the parties, as found in the bond, we have what we think was the real agreed condition expressed by the bond; that is, that, if Nagel will pay all taxes and penalties, incurred by him, because he has been licensed under the statutes mentioned, then the bond to be void, etc. As above pointed out, the taxes and penalties so described by such a condition would be those incurred beginning with the granting of the license to Nagel; such being the designated, or at least inferred, status of liability of Nagel. It follows that the bond covered such taxes and penal-

ties as well as those that subsequently accrued. This applies to both bonds involved in these two cases. We think this conclusion finds support in principle in the manner in which somewhat analogous language was interpreted in Hatch v. Attleborough, 97 Mass. 533, and Oregon R. & N. Co. v. Swinburne, 22 Or. 574, 30 P. 322, and Love v. Cahn, 93 Ark. 215, 124 S. W. 259.

The judgment of the district court is reversed.—Reversed.

DONEGAN, C. J., and PARSONS, KINTZINGER, ANDERSON, HAMILTON, MITCHELL, and ALBERT, JJ., concur.