Argued September 14, affirmed October 5, 1960

## MILLER *v.* WHITAKER

355 P. 2d 768

*Kenneth A. Poole,* Eugene, argued the cause for the appellant. With him on the briefs was Donald F. Bach, Eugene.

*Edward C. Harms, Jr.,* Springfield, argued the cause for the respondent. With him on the brief were Dale E. Helikson, Oakridge, and Robert B. Carmichael, Springfield.

Before MCALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

SLOAN, J.

Plaintiff brought this action to recover the unpaid purchase price due on a conditional sales contract for the sale of a tavern situate in Bremerton, Washington. The contract was executed at Bremerton. Plaintiff was the assignor of the original seller and defendant was the buyer. Defendant did not deny the debt, but claimed that by the terms of the contract plaintiff's only remedy was to retake possession of the property sold by the contract. The case was tried to the court without a jury. After trial, findings, conclusions and a judgment were entered in favor of defendant. Plaintiff moved for a new trial on the ground that the court erred in applying the law of Oregon to the contract rather than the law of Washington. The court allowed the motion, set aside the judgment and ordered a new trial. Defendant appeals from that order.

Defendant now concedes that the law of Washington must be applied. He contends that Washington law would not permit recovery. We can not agree. The Supreme Court of Washington has held:

> "Upon the breach of a conditional sale contract, the vendor has a choice. He may either treat the transaction as an absolute sale and sue the buyer on the contract for the purchase price, or disaffirm the contract and repossess the goods sold. * * *"
> *Washington Etc. Ass'n v. Jacobs,* 1953, 42 Wash2d 460, 463, 256 P2d 294.

The same rule had been previously announced in *Standard Finance Co. v. Townsend,* 1939, 1 Wash2d 274, 95 P2d 786. The rule followed by Washington has strong support. See 3 Williston, Sales (rev ed), 1948, § 560, et seq, p 194; Vold, Law of Sales (2nd ed), 1959, § 58.

The trial court did not err when it ordered a new trial.

Defendant also challenges the sufficiency of the complaint. The question has been raised for the first time on this appeal. Defendant did not demur to the complaint or otherwise raise the issue in the trial court.

■ Plaintiff failed to allege in his complaint that he had performed the contract. It was admitted that if the complaint had been challenged by demurrer the pleading was deficient. The failure is not one, however, that can not be remedied by amendment. The essential allegation would not alter or change the cause of action. The complaint "showed that a wrong had been committed by the defendant for which the plaintiff was entitled to recover * * * it was a defective statement of a good cause of action: [citing cases]" Upon retrial it would be proper for the court to allow plaintiff to add the necessary allegation if, in fact, plaintiff can truthfully allege performance. *Ross v. Robinson,* 1944, 174 Or 25, 45, 147 P2d 204. The other allegations in the complaint before us and the allegations of the answer would permit us to infer that performance had been accomplished by plaintiff.

Affirmed.