Argued October 11, reversed with instructions October 26,
petition for rehearing denied November 28, 1960

## PHILIPPI *v.* PACIFIC GRAINS, INC.

356 P. 2d 438

*Kenneth E. Roberts,* Portland, argued the cause for appellant. With him on the briefs were James H. Bruce and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

*Sam F. Speerstra,* Salem, argued the cause for the respondent. With him on the brief were Bell & Gehlen, Stayton, and Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice and Warner, Sloan, O'Connell and Howell, Justices.

SLOAN, J.

Plaintiff brought this action to recover the contract price for grass seed he delivered to defendant in the crop year of 1958. Defendant counterclaimed for damages defendant, a corporation, alleged it sustained when plaintiff failed to deliver the full amount of seed plaintiff had contracted to deliver. By reply, plaintiff prayed that the executed written contract between the parties be reformed to require no greater performance thereof than plaintiff had accomplished. The trial court found for plaintiff on the allegations of the complaint, denied the counterclaim of defendant and the plaintiff's request for reformation. Defendant appealed from the denial of its counterclaim. Plaintiff did not appeal from the adverse ruling on reformation.

Plaintiff farmed land committed to growing grass seed. Defendant engaged in the business of buying, processing and selling grass seed. In January, 1958, the parties entered into the contract in question by

which plaintiff agreed to deliver to defendant during the crop year of 1958 not less than 1,000 bags of grass seed containing a total of 100,000 pounds net. The 1958 crop was a partial failure and plaintiff was unable to deliver more than 33,000 pounds. He delivered that amount to defendant and informed the defendant that he could deliver no more. He also demanded that defendant pay him the contract price, thirty cents per pound, for the amount delivered. Defendant declined payment until the full 100,000 pounds were delivered. Within a few days the complaint herein was filed. The allegations of defendant's counterclaim provide the basis for the trial court's determination of the case and defendant's assignments.

The equitable issues raised by plaintiff's reply seeking reformation of the contract were first tried. The evidence to support plaintiff's complaint and defendant's counterclaim were then tried to the court without a jury.

After trial the court found that defendant failed to prove an allegation contained in the counterclaim "That upon plaintiff's refusal to deliver the said chewings fescue as aforesaid, the defendant was required and did purchase 66,985 pounds of chewings fescue on the open market at the then market price of thirty-seven cents per pound." As a conclusion of law the trial court then held "that the defendant has pleaded special damages. This being the case, defendant is bound by his pleading and the proof has failed to establish the theory of special damages."

The court also found that defendant had failed to allege that it was "able, ready and willing" to perform.

The defendant assigns as error the trial court's conclusion that its pleading limited defendant to proof of special damages only. Defendant also assigns as

error the conclusion that it was required to allege a willingness to perform. We think the assignments are well taken.

■ The true measure of damage for plaintiff's breach of the contract to sell a fixed quantity of seed is found in the Sales Act, ORS 75.670(3) which provides that "Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver." The same rule was applied by this court prior to the Sales Act. *Duncan Lumber Co. v. Willapa Lumber Co.,* 1919, 93 Or 386, 396, 182 P 172, 183 P 476. The rule is well established. 3 Williston on Sales (1948 ed) § 597, p 290 et seq.

■ Defendant's allegations of special damages do not bar him from proof of general damage. *Hoskins v. Scott,* 1908, 52 Or 271, 278, 96 P 1112, wherein it was said: "And, concerning this feature, it can make no difference that special damages are averred, and apparently relied upon, for both are susceptible of proof under the complaint. The mere fact that special damages are pleaded will not preclude a recovery of general damages if proved." We do not mean to condone what appears to have been careless pleading. We hold that the pleading was sufficient to sustain a judgment on the uncomplicated evidence in this case.

Plaintiff argues that the trial court's findings have the effect of a jury verdict and we cannot reverse them if there is evidence to sustain the findings. We do not dispute the finding of fact. There was a failure

of proof that defendant had otherwise purchased the amount of seed alleged in the counterclaim. However, there was undisputed evidence that the market value of the seed at the time of plaintiff's refusal to perform was thirty-seven cents per pound. The contract price was admitted. The court erred in its conclusion of law that defendant could not recover general damages on the evidence submitted.

■ Nor was it essential in this case for defendant to allege its ability to perform. The counterclaim was not tested by demurrer. Consequently, the positive evidence of an anticipatory breach was sufficient to overcome the weakness in the pleading. It was not fatal for defendant to fail to specifically allege the futile gesture of an offer to buy that which was nonexistent. *Shaw Wholesale Co. v. Hackbarth,* 1921, 102 Or 80, 81, 198 P 208, 201 P 1066. *Moore v. Shell Oil Co.,* 1932, 139 Or 72, 79, 6 P2d 216. The pleading was, at least, a defective statement of a good cause of action. If a demurrer had been filed and sustained, an amendment to correct the pleading would have been in order. *Miller v. Whitaker,* decided October 5, 1960, 224 Or 205, 355 P2d 768. There was no objection made to the evidence that defendant wanted to buy the entire 100,000 pounds plaintiff was committed to deliver.

"Courts are becoming more and more inclined to do away with feigned or fictitious issues. Substance should not be sacrificed for form. Defendant knew from the pleading the nature and scope of the cause of suit." Justice BELT in *Beach v. Brightwood Co.,* 1930, 132 Or 345, 349, 285 P 259.

Other assignments need not be noticed.

The judgment is reversed with directions to enter judgment for defendant on its counterclaim.