MULTNOMAH COUNTY,
a home rule subdivision of the
State of Oregon,
by and through its
Tax Collector, Janice Druian,
and its Tax Assessor, Robert Ellis

*v.*

DEPARTMENT OF REVENUE
(Open Adoption & Family Services, Inc.)

(TC 3786)

Sandra N. Duffy, Assistant County Counsel, Multnomah County, Portland, represented plaintiff (Multnomah County).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for plaintiff rendered November 1, 1995.

## CARL N. BYERS, Judge.

This matter is before the court on plaintiff's Motion for Summary Judgment. The Department of Revenue (department) has filed a written response. The motion focuses on when a lease is "entered into" for purposes of property tax exemption.

### FACTS

Plaintiff and department have stipulated the following facts:

Open Adoption & Family Services, Inc., (taxpayer) is an Oregon nonprofit corporation that leases commercial property in Portland. It is entitled to property tax exemption if an application is timely filed. The lease in question substantively meets the statutory criteria for a property tax exemption.

On May 17, 1994, taxpayer filed an application for property tax exemption with the county assessor. The face of the lease recites that it was "made and entered into" on March 24, 1994. An application for tax exemption must be filed on or before April 1 of the preceding tax year. If the lease is entered into after March 1, but not later than June 30, the application must be filed within 30 days after the date the lease is entered into if exemption is claimed for the next tax year. ORS 307.112(4). The county assessor denied taxpayer's application for a property tax exemption for the tax year 1994-95 because the application for exemption was filed on May 17, 1994, more than 30 days after March 24, 1994. Taxpayer signed the lease as lessee on March 30, 1994. The lessor signed the lease on April 14, 1994. The lease term commenced May 1, 1994. The lessor delivered the lease to the lessee on May 2, 1994.

Taxpayer appealed the assessor's decision to department. After hearing on the matter, department issued Opinion and Order No. 94-4190. Department found that the lease was entered into on May 2, 1994, the date the lessor delivered the signed lease to the lessee. The order grants taxpayer's appeal and directs the assessor to exempt the property from property taxation for the 1994-95 tax year. The county appeals from department's opinion and order.

## ISSUE

The stipulated issue is: When is a lease "entered into" for purposes of ORS 307.112(4)?

## COURT'S ANALYSIS

The relevant portions of ORS 307.112(4) provides

"The claim shall be filed on or before April 1, except * * * [i]f the lease or lease-purchase agreement is entered into after March 1 but not later than June 30, the claim shall be filed within 30 days after the date the lease or lease-purchase agreement is entered into if exemption is claimed for that year."

The subject lease expressly provides that it is "made and entered into at Portland, Oregon this March 24, 1994." Despite this express provision, department claims the lease agreement was not "entered into" until both parties had signed the lease and the lease had become a binding contract. Department's arguments with regard to legislative intent and binding agreements are not persuasive.

■ The legislature specifically used the words "entered into," words commonly found in leases. The legislature did not use: (1) the date the lease agreement was executed; (2) the date the lessee takes possession; (3) the effective date of the lease; or (4) the date the rent first became due. In the absence of ambiguity or other indication of legislative intent, the court must apply the words of the statute as it is written.

■ When a lease specifically provides a date on which it is "entered into," that date expresses the mutual intention of the parties. The intent of the parties controls the meaning of an agreement. *Miller v. Miller*, 276 Or 639, 555 P2d 1246 (1976). The recital in question is clear and unequivocal. There is no indication the parties to the lease claim the date is anything other than the date they intended to "enter into" the agreement.

■ Department argues that the specified date, March 24, 1994, occurred before any of the parties signed the agreement. However, the statute does not look to when the parties signed the lease. Under department's argument, the parties could not enter into a lease retroactively. Parties can make agreements retroactive and thereby bind themselves as of

the date the agreement specifies. *Beach v. Brightwood Co.*, 132 Or 345, 285 P 259 (1930).

The intention of the parties controls and that intention is clearly expressed in the lease agreement. Now, therefore,

IT IS HEREBY ORDERED that taxpayer's Motion for Summary Judgment is granted. Costs to neither party.