IN THE TAX COURT OF THE
STATE OF OREGON

AMERICAN LUNG ASSOCIATION OF OREGON

*v.*

DEPARTMENT OF REVENUE
*and*

MULTNOMAH COUNTY ASSESSOR,
*Intervenor*

(TC 3984)

Scott A. Jonsson, Schwabe, Williamson & Wyatt, Portland, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

John S. Thomas, Assistant County Counsel, Multnomah County, represented intervenor.

Decision for defendant and intervenor rendered January 10, 1997.

## CARL N. BYERS, Judge.

This matter is before the court on plaintiff's Motion for Summary Judgment. The motion addresses the question of when a lease by a tax-exempt organization is "entered into" for purposes of timely filing an application for property tax exemption.

### FACTS

The parties have stipulated the essential facts. Plaintiff is a tax-exempt entity entitled to receive a property tax exemption. It agreed to lease an office suite in Portland. The first sentence of the lease agreement states:

> "THIS LEASE AGREEMENT ('Lease') made this 8th day of June, 1994, between INTERBAR INVESTMENT CO., an Oregon Partnership ('Landlord') and American Lung Association of Oregon, an Oregon non-profit Corporation ('Tenant')."

Plaintiff did not sign the lease agreement until the week of June 20, 1994. The landlord signed the lease sometime between June 27 and June 29 of 1994. Neither signature is dated. Just above the signatures is the statement:

> "IN WITNESS WHEREOF this Lease has been executed the day and year first above set forth."

The lease expressly provides that it commences June 30, 1994, and terminates June 29, 1999. Plaintiff occupied the premises on June 30, 1994.

To obtain a property tax exemption for property leased from a taxable owner, the tax-exempt lessee must apply for property tax exemption. ORS 307.112.[1] The statute provides:

> "The claim shall be filed on or before April 1, except that if the lease or lease-purchase agreement is entered into after March 1 but not later than June 30, the claim shall be filed within 30 days after the date the lease or lease-purchase agreement is entered into if exemption is claimed for that year." ORS 307.112(4).

---

[1] All references to the Oregon Revised Statutes are to 1993.

Plaintiff filed its application for property tax exemption on July 27, 1994. The assessor denied the application as filed late for the 1994-95 tax year.

## ISSUE

Did plaintiff file its application for property tax exemption within 30 days after the lease was "entered into?"

## ANALYSIS

■ The assessor and the department believe that June 8 was the date the lease was entered *into*. Plaintiff contends that June 8 is only the scrivener's date and that the word "made" is not the same as "entered into." Plaintiff correctly states that the intent of the parties controls the construction of an agreement. *Miller v. Miller*, 276 Or 639, 647, 555 P2d 1246 (1976).

Plaintiff contends that the intent of the parties can be discerned from the lease and the facts, *i.e.*, plaintiff took possession of the premises on June 30, 1994; the lease specifies that it commences on June 30, 1994; and both parties signed the lease prior to June 28, 1994. Plaintiff contends that under any of these tests, it timely filed its application for exemption.

In construing ORS 307.112(4), this court has stated:

"The legislature specifically used the words 'entered into,' words commonly found in leases. The legislature did not use: (1) the date the lease agreement was executed; (2) the date the lessee takes possession; (3) the effective date of the lease; or (4) the date the rent first became due. In the absence of ambiguity or other indication of legislative intent, the court must apply to words of the statute as it is written." *Multnomah County v. Dept. of Rev.*, 13 OTR 384, 386 (1995).

■ The words "entered into" refer to that point in time at which the parties intend to have a binding agreement. As noted in *Multnomah County*, "[p]arties can make agreements retroactive and thereby bind themselves as of the date the agreement specifies." *Id.*. at 386-87.

■ In this case, the language of the lease states that it was "made" and "executed" on June 8, 1994. Taken together,

those two words suggest that the parties intended to enter into the lease as of June 8. That is the only language in the lease that refers to when the agreement became effective. There is no fact or language indicating a contrary intent of the parties. Why the parties selected June 8 is unknown. However, if the court does not give effect to the first and last sentence of the agreement, they would be rendered meaningless. It is unlikely the parties intended such language to be meaningless when a specific date was inserted. Accordingly, the court finds that the subject lease was entered into within the meaning of ORS 307.112(4), on June 8, 1994. Plaintiff's application was filed more than 30 days later and therefore was late. The department properly denied plaintiff's appeal. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied and,

IT IS FURTHER ORDERED that judgment shall be entered sustaining defendant's opinion and order.