Argued January 10; affirmed January 30; rehearing denied
April 16, 1940

## FOX *v.* UNGAR ET AL.
(98 P. (2d) 717)

Department 2.

*Wm. P. Lord,* of Portland (T. Walter Gillard and Francis F. Yunker, both of Portland, on the brief), for appellant.

*Eugene K. Oppenheimer* and *Frank C. Howell,* both of Portland (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for respondents M. F. Patterson Co. and Manning's, Inc.

*L. A. Recken,* of Portland, for respondent N. M. Ungar.

*F. S. Senn,* of Portland (Wm. H. Morrison, of Portland, on the brief), for respondent Ice Delivery Co.

RAND, C. J. On October 8, 1936, Paul Fox, an employee of the M. F. Patterson Dental Supply Company, died as the result of injuries received while engaged in operating, for his employer, a freight elevator in the sidewalk adjoining the Ungar building in the city of Portland. All the defendants, except N. M. Ungar who is the owner of the building, are tenants of the owner and, together with such owner, have access to and use the elevator in moving their merchandise and supplies to and from the basement of the building. Samuel F. Fox was appointed as administrator of de-

cedent's estate and, as such administrator, commenced an action against the above named defendants to recover for the benefit of the estate the damages suffered by decedent's death. The action was brought under section 5-703, Oregon Code 1930, which provides:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $10,000, and the amount recovered, if any, shall be administered as other personal property of the deceased person."

After that case had been put at issue and a jury had been impaneled and sworn to try the cause, but before any testimony had been taken therein, the plaintiff-administrator moved for leave to file a second amended complaint and to have Helen Fox, the mother of the decedent, substituted as plaintiff therein. This motion was granted over the objection and exception of the defendants and the jury was thereupon discharged and the cause continued.

Nothing thereafter seems to have been done in the case until October 21, 1938, which was more than two years after the death of the decedent, when an amended complaint was filed by the present plaintiff, Helen Fox, as the plaintiff in the action and against the same defendants, in which she alleged, in substance, that she was the mother of the decedent, that he was nineteen years of age at the time of his death, and that it was the duty of the defendants, under the Employers' Liability Act (sections 49-1701 to 49-1706, Oregon Code 1930), to equip the elevator with proper devices for

protection of the operators thereof, and that this duty the defendants failed to perform, and that, by reason thereof, the decedent sustained the injuries which caused his death to her damage in the sum of $25,000.

To this amended complaint, the defendants demurred upon two grounds: first, that the action was not commenced by Helen Fox within the time limited by the Code for the commencement of the action, and, second, that the complaint failed to state facts sufficient to constitute a cause of action against the defendants, or either of them.

The trial court sustained the demurrer upon the first ground and, from a judgment dismissing the action, the present plaintiff has appealed.

■■ It has frequently been held in this state that, upon the filing of an amended pleading, the original pleading ceases to be a part of the record. *Wells v. Applegate*, 12 Or. 208, 6 P. 770; *Slemmons v. Thompson*, 23 Or. 215, 31 P. 514; *Hume v. Woodruff*, 26 Or. 373, 38 P. 191; *Ferguson v. Ingle*, 38 Or. 43, 62 P. 760. In its application to the facts of this case, we think that this rule is more accurately stated by Estee as follows:

"When an amended complaint is filed and served, the original ceases to perform any function as a pleading. But an original is not superseded by an amended complaint for all purposes, and the former may be considered as a part of the record of the case for the purpose of showing when the action was commenced, and whether or not a new or different cause of action was introduced by the amendment upon the hearing of a demurrer raising those questions. An amended complaint based upon the same cause of action relates back to the date upon which the original complaint was filed, as regards the Statute of Limitations."

3 Estee's Pleadings, 4 ed., § 4450b, p. 279.

█ It seems too plain for successful controversy that the causes of action are not the same in an action brought by an administrator to recover damages for the death of his intestate and in an action brought by a beneficiary under the Employers' Liability Act.

The actions, as pointed out, are brought under different statutes and, in the instant case, by a different plaintiff. In actions brought by the administrator, the action is brought for the benefit of the estate and the moneys, when recovered, are subject to the debts of the intestate and the expenses of administration. When brought under the Employers' Liability Act, the action is brought for the exclusive benefit of the particular beneficiary named in the statute and such beneficiary alone may bring the action, unless residing outside of the state, in which case the action may be brought by an executor or administrator of the decedent and, when so brought, is prosecuted for the exclusive benefit of the beneficiary or beneficiaries named in the statute and in the order therein named. Moreover, where an action for the death of an individual may be maintained under the Employers' Liability Act and any one of the beneficiaries named in the statute is living and in a position to bring the action, no action will lie when brought by the personal representative of the decedent under section 5-703, Oregon Code 1930. See *McClaugherty v. Rogue River Electric Co.,* 73 Or. 135, 140 P. 64, 144 P. 569; *Niemi v. Stanley Smith Lumber Co.,* 77 Or. 221, 147 P. 532, 149 P. 1033; *Thompson v. Union Fishermen's Co-op. Packing Co.,* 118 Or. 436, 235 P. 694, 246 P. 733. Hence, there was no authority in law for the bringing of the action by the administrator in the instant case since, as alleged in the amended complaint filed by Helen Fox, she alone,

being the mother of the decedent, could bring the action to recover for his death if it resulted, as she now alleges, from defendants' violation of the Employers' Liability Act.

In the action brought by the administrator, the cause of action alleged in his complaint was an unlawful violation by defendants of a primary duty which the defendants owed to plaintiff's intestate to provide him with a safe place in which to work and was one which did not arise under the Employers' Liability Act, and, hence, was an action which could be prosecuted only by an administrator of the decedent's estate and for the benefit of his estate. The cause of action set up in the amended complaint filed by decedent's mother was an unlawful violation by defendants of a primary duty created by the Employers' Liability Act, namely: to equip the elevator with proper safety devices, and was one which could be prosecuted only by the beneficiaries named in the statute and in the order therein named and for the individual benefit of such beneficiary.

In an action brought by an administrator, proof that the injuries had been caused by the negligence of a fellow-servant or that plaintiff's intestate had contributed to his injury would be a good defense while in an action under the Employers' Liability Act neither of said defenses would defeat the action and, as above stated, the amount of recovery in one case is limited and in the other the amount of recovery is unlimited. Although the statute, under applicable facts, authorizes the bringing of these actions, the rights and remedies of the parties in the two actions are not the same, each cause of action being dependent upon a different state of facts.

■ We are, therefore, compelled to hold that the cause of action alleged by the mother of the decedent in

her amended complaint is not a mere statement of the same cause of action as that alleged by the administrator in the original complaint but is the statement of a new cause of action and, hence, the filing by her of the amended complaint was not a continuance of the former action but the commencement of a new action and did not relate back to the date on which the original complaint was filed and, therefore, that, since the new action was not commenced within the time limited by the Code, it is barred by the statute.

The judgment of the lower court is, therefore, affirmed.

BELT, BAILEY and LUSK, JJ., concur.