Argued February 15; reversed March 21, 1944

# ROSS *v.* ROBINSON

(147 P. (2d) 204)

Before BAILEY, Chief Justice, and ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*A. C. Hough,* of Grants Pass (W. T. Miller and Orval J. Millard, both of Grants Pass, on the brief), for appellant.

*Clarence J. Young,* of Portland (Don R. Newbury, of Medford, on the brief), for respondent.

LUSK, J.

The question for decision is whether the plaintiff's action is barred by the statute of limitations. The action is for death by wrongful act, and the right to bring it is conferred by § 8-903, O. C. L. A., which reads as follows:

> "When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former for the benefit of the widow or widower and dependents and in case there is no widow or widower, or surviving dependents,

then for the benefit of the estate of the deceased may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $10,000.''

On December 23, 1939, the plaintiff Frank P. Ross, as administrator of the estate of Lyna M. Ross, deceased, filed a complaint alleging that Lyna M. Ross came to her death on December 14, 1939, as the result of certain specified negligent acts of the defendant Everett E. Robinson in the operation of an automobile, and that the estate of Lyna M. Ross, deceased, had thereby been damaged in the sum of $10,000.00, for which judgment was prayed. A jury trial resulted in a judgment for the plaintiff. On appeal to this court the judgment was reversed. We held that the complaint, which was challenged by demurrer, did not state facts sufficient to constitute a cause of action, for the reason that it failed to negative the existence, at the time of the decedent's death, of the preferred beneficiaries named in the statute, namely, a widower and surviving dependents: *Ross v. Robinson,* 169 Or. 293, 318, 124 P. (2d) 918, 128 P. (2d) 956. The cause was remanded to the circuit court with directions to sustain the demurrer to the complaint and for further proceedings not inconsistent with the opinion of this court.

Thereafter, on January 4, 1943, the plaintiff filed an amended complaint, which is, in substance, the same as the original complaint except that it alleges that ''plaintiff Frank P. Ross is the surviving widower of the said Lyna M. Ross, deceased, and that she left no

other dependents, and by reason of the death of said Lyna M. Ross, the said Frank P. Ross was and is damaged in the sum of Ten Thousand ($10,000.00) Dollars." Judgment for the benefit of Frank P. Ross was prayed for accordingly.

The defendant demurred to the amended complaint on the ground that the action was barred by the provision of § 8-903, O. C. L. A., that the action shall be commenced within two years after the death. The court sustained the demurrer and entered judgment for the defendant. The plaintiff has appealed.

It is the defendant's position, and was evidently that of the trial judge, that the cause of action stated in the amended complaint, instead of being a mere continuance of that stated in the original complaint, is in fact a wholly new and different cause of action, asserted on behalf of a different beneficiary and governed in certain particulars by different rules of law, and that, since this new action was not filed within two years after the death of Lyna M. Ross, the plaintiff has not brought himself within the limitation of the statute and the action must fail.

The defendant relies on *Fox v. Ungar,* 164 Or. 226, 98 P. (2d) 717. The plaintiff in that case, Helen Fox, commenced an action as administratrix of the estate of her deceased son to recover damages for his death, under § 5-703, Oregon Code 1930 (which is the same as § 8-903, O. C. L. A., except for an amendment made in 1939). More than two years after her son's death, Helen Fox, in her individual capacity, filed an amended complaint bringing the case under the Employers' Liability Act. We held that this was not the same cause of action as that stated in the original complaint and

did not relate back to the time of its filing, but was barred by the statute of limitations. It was pointed out that the two complaints were brought under different statutes; that the recovery in the one case was for the benefit of the estate and subject to the debts of creditors, in the other for the benefit of the persons named as beneficiaries in the statute; that if the decedent's death resulted from violation of the Employers' Liability Act there was no authority in law for his personal representative to bring the action; that the two actions were concerned with the violation of different duties owed by the defendant to the decedent; and that in the first action the negligence of a fellow servant and contributory negligence of the decedent would be defenses, while in the second neither of these defenses would be available. The court concluded:

> "Although the statute, under applicable facts, authorizes the bringing of these actions the rights and remedies of the parties in the two actions are not the same, each cause of action being dependent upon a different state of facts". (164 Or. 231.)

In some important respects the two cases are alike. Here, as in *Fox v. Ungar,* the persons on whose behalf recovery is sought in the two complaints are different, as is the measure of damages *(Nordlund v. Lewis & Clark Railroad Co.,* 141 Or. 83, 92-97, 15 P. (2d) 980; *Carlson v. Oregon Short Line Ry. Co.,* 21 Or. 450, 459, 28 P. 497) ; and contributory negligence, which would not have been available as a defense to the original complaint, is available under the amended complaint, because it alleges that Frank P. Ross, for whose benefit the action is brought, was himself driving the automobile in which his wife was riding at the time of the collision which resulted in her death (87 A. L. R. 590).

But in both pleadings in the instant case there is the same plaintiff, namely, the administrator, who is the only person authorized to bring the action, and the statute under which it is brought is the same and the identical violation of duty is charged.

■ It is a general rule that "an amendment of a pleading will take effect by relation and thus relieve against the bar of an intervening limitation if the identity of the cause of action is still substantially the same, but that the limitation will prevail if under the guise of an amendment there is the substitution of a new cause of action in place of another wholly different." *United States v. Memphis Cotton Oil Co.,* (1933) 288 U. S. 62, 77 L. Ed. 619, 53 S. Ct. 278, quoted in *Ibach v. Jackson,* 148 Or. 92, 101, 35 P. (2d) 672.

In the application of this rule, as of many other general principles of law, courts have differed. The conflicting results which have been reached in cases presenting similar facts seem to be influenced largely by the particular court's conception of the meaning of the term, "cause of action", and to some extent, perhaps, by a rigid and technical attitude on the one hand, or a liberal disposition on the other, towards the exercise of the right of amendment by a party desirous of staying in court and having a trial on the merits, as against the effort of his opponent to turn him out of court with a plea of the statute of limitations. This divergence of view is brought into sharp focus by the case of *Hooper v. Atlanta, K. & N. Ry. Co.,* (1901) 107 Tenn. 712, 65 S. W. 405, where in the same litigation, arising on identical facts, the Tennessee court held that an amendment introduced after the period of limitation had expired did not state a new and different cause of action and the United States Circuit Court of Appeals

held that it did: *Atlanta K. & N. Ry. Co. v. Hooper,* (1899) 92 F. 820 (6th Cir.). The latter court determined that the action was barred; the former that it might proceed.

Familiar tests sometimes resorted to for determining whether there has been a change in the cause of action are: that recovery upon the original complaint would have barred recovery upon the amended pleading; that the measure of recovery is the same in each case; that substantially the same evidence would support both pleadings; and that the allegations of each are subject to the same defenses: 37 C. J., Limitations of Actions 1076 § 512. See *East Side Mill & Lumber Co. v. Southeast Portland Lumber Co.,* 155 Or. 367, 377, 64 P. (2d) 625. If all these tests must be met it is clear that the defendant in this case must prevail.

"A departure from law to law", the court said in *United States v. Memphis Cotton Oil Co.,* supra, "has at times been offered as a test" of change in the cause of action. *Hall v. Louisville & N. R. Co.,* (1907) 157 F. 464, illustrates the application of this test. But, as the Supreme Court said in the Memphis Cotton Oil Company case, "later decisions have made it clear that this test is no longer accepted as one of general validity." Citing *Missouri, K. & T. Ry. Co. v. Wulf,* (1913) 226 U. S. 570, 57 L. Ed. 355, 33 S. Ct. 135; *New York C. & H. R. R. Co. v. Kinney,* (1922) 260 U. S. 340, 67 L. Ed. 294, 43 S. Ct. 122; *Friederichsen v. Renard,* (1918) 247 U. S. 207, 62 L. Ed. 1075, 38 S. Ct. 450. See, also, *Seaboard Air Line Ry. v. Koennecke,* (1915) 239 U. S. 352, 60 L. Ed. 324, 36 S. Ct. 126. This court likewise has refused to be governed by that test, for, in *East Side Mill & Lumber Co. v. Southeast Portland Lumber Co.,* supra, it was held that an amendment changing the

plaintiff's claim from one for services performed and goods furnished to the defendant to a claim based upon mutual, open and current accounts between the parties, was not the substitution of a new and different cause of action so as to let in the defense of limitations. See, also, *Asher v. Pitchford,* 167 Or. 70, 77, 115 P. (2d) 337. In the East Side Mill & Lumber Co. case the court relied upon the decisions of the Supreme Court of the United States hereinabove cited, as well as upon *Richardson v. Investment Co.,* 124 Or. 569, 264 P. 458, 265 P. 1117, in which it was held that the plaintiff did not introduce a new cause of action in changing from a complaint upon express contract to one upon *quantum meruit.* But *Fox v. Ungar* gives as one of the reasons for the decision that the original and amended complaints charge violations of duty arising under different laws, notwithstanding they both sought recovery of damages for the same death.

There are a few cases which hold that an amendment changing the capacity in which the plaintiff sues, as, for example, from that of an administrator to his individual capacity, is effective to change substantially the cause of action and let in the defense of limitations. But, as the annotation in 74 A. L. R. beginning at p. 1269 shows, in the great majority of jurisdictions the courts say that such a change is in form rather than substance. See *Missouri, K. & T. Ry. Co. v. Wulf,* supra; *Quaker City Cab Co. v. Fixter,* (1925) 4 F. (2d) 327 (3d Cir.); 16 Am. Jur., Death 203, § 291. With the latter view we are in accord.

In the case at bar the argument most vigorously pressed by counsel for the defendant is that an amendment changing the beneficiary and, therefore, the amount of the recovery, is, in effect, the commence-

ment of a new action. Authorities are cited by the defendant to support that contention. *Hall v. Louisville & N. R. Co.,* supra; *Atlanta K. & N. Ry. Co. v. Hooper,* supra; *Rankin v. Central R. Co. of New Jersey,* (1908) 77 N. J. L. 175, 71 Atl. 55; *Walker v. Lansing & S. Traction Co.,* (1906) 144 Mich. 685, 108 N. W. 90; *Pugmire v. Diamond Coal & Coke Co.,* (1903) 26 Utah 115, 72 P. 385.

In the Hall case the widow of an employee of an interstate railroad brought suit against the company in a state court of Florida to recover for the death of her husband, under a Florida statute which gave such right to the widow alone, if there should be a widow. She amended her declaration by changing the capacity in which she sued to that of administratrix, suing for the benefit of herself and her three children, so as to bring the action within the provisions of the Federal Employers' Liability Act. This was held to be in effect the bringing of a new action, which was barred because the statute of limitations had run before the amended declaration was filed.

As authority for its decision the court relied principally on the case of *Union Pacific Ry. Co. v. Wyler,* (1895) 158 U. S. 285, 39 L. Ed. 983, 15 S. Ct. 877. The original petition there was based upon the common law of master and servant, and set up an injury occurring in the state of Kansas caused by the negligence of the defendant in retaining in its employ, as fellow servant of the plaintiff, an incompetent person with knowledge of his incompetency. Afterwards the petition was amended so as to rest the cause of action exclusively upon the negligence of the fellow servant, it being averred that a Kansas statute gave a right of action for such a cause. The case having been removed to the

federal court and taken to the Supreme Court on writ of error, it was held that the amended petition set up a new cause of action equivalent to a new suit, because it depended upon a different law as well as a different state of facts.

Beginning with *Missouri, K. & T. Ry. Co. v. Wulf,* supra, there is a series of decisions in the Supreme Court which have greatly limited, if they do not in effect overrule, the Wyler case. As already noted, the "departure from law to law" test was repudiated in *United States v. Memphis Cotton Oil Co.,* supra. In the Wulf case the court held that where the original petition in an action brought by the sole surviving parent of the deceased asserted a cause of action for wrongful death against a railroad under a Kansas statute, and the plaintiff later amended her complaint by setting up her right to sue as personal representative under the Federal Employers' Liability Act, this was not equivalent to the commencement of a new action so as to let in the defense of the statute of limitations. The Wyler case was distinguished because in the Wulf case the amended complaint did not allege a different set of facts as the ground of liability, and the original petition, as construed by the court, stated a cause of action under the federal statute.

The cases involving the Federal Employers' Liability Act are assembled in an annotation in 8 A. L. R. beginning at p. 1045, and, as stated by the commentator at p. 1406, while many of the decisions, of which the Wulf case is one, seem to result from a liberal construction of the pleadings by which the courts "have construed the original complaint as stating, though defectively, a cause of action under the Federal statute", yet there are a number of authorities which seem "to

take the view that a complaint which attempts to state a cause of action at common law, or under a state statute, and does not allege facts sufficient to bring the case under the Federal Employers' Liability Act, may be amended so as to bring the case within that act, although the period of limitations prescribed thereby has elapsed * * *''.

See in this connection *Seaboard Air Line Ry. v. Koennecke,* supra; *Seaboard Air Line Ry. v. Renn,* (1916) 241 U. S. 290, 293, 60 L. Ed. 1006, 36 S. Ct. 567; *St. Louis, San Francisco & Texas Ry. Co. v. Seale,* (1913) 229 U. S. 156, 57 L. Ed. 1129, 33 S. Ct. 651, Ann. Cas. 1914C, 156; *St. Louis S. F. & T. Ry. Co. v. Smith, Adm'x.,* (1917) 243 U. S. 630, 61 L. Ed. 938, 37 S. Ct. 477; per curiam opinion affirming judgment in same case, (1914) (Tex.) 171 S. W. 512; *New York C. & H. R. R. Co. v. Kinney,* supra; *Pope v. Kansas City, M. & O. Ry. Co. of Texas,* (1918) 109 Tex. 311, 207 S. W. 514; and comment on the *Smith and Pope cases* in 8 A. L. R. at p. 1421. See, also, *Wilson v. Denver & R. G. R. Co.,* (1920) 68 Colo. 105, 187 P. 1027. These decisions of the Supreme Court seem to determine that a plaintiff who, in his individual capacity, has commenced his action for wrongful death under a state statute, may amend by substituting the personal representative as plaintiff and alleging facts which bring the case under the Federal Employers' Liability Act, without incurring the risk of being defeated by a plea of the statute of limitations.

The case of *Hall v. Louisville & N. R. Co.,* supra, however, apparently presents this difference from the Supreme Court cases above cited, that under the Florida statute the widow alone was entitled to the recovery, while, under the federal statute, she might

recover, as administratrix, for all damages sustained by herself and her three children, and the amendment was said to "introduce a new right, or new matter, not within the *lis pendens* and the issue between the parties". So far as we are advised, the question, as thus presented, has not been directly passed on by the Supreme Court.

■ Of the remaining cases relied on by the defendant, some clearly support his position, others are as clearly distinguishable; but, since the Hall case sufficiently illustrates the theory upon which the courts taking that view proceed (as does *Fox v. Ungar,* supra), we think nothing is to be gained by reviewing these decisions. It is enough to say that there is authority for the defendant's contention, and also, as will presently be shown, there is authority against it; and that, for reasons which will be stated, we have reached the conclusion that to hold that the amendment here in question was equivalent to the commencement of a new action, which is now barred by the statute of limitations, would be contrary to what we believe is the more enlightened modern judicial view of the subject. The principal function of pleadings is to enable litigants to bring their controversies to trial on the merits, and, generally speaking, the rules concerning pleadings should not be permitted to defeat a party's right to a trial except when to do otherwise would be unjust to his adversary or violate some express command of the statute. We have long since left behind us the day when "the fundamental principles of right and justice which courts were created to uphold and enforce were esteemed of minor importance compared to the quibbles, refinements, and technicalities of special pleading", and the courts "adopted so many

subtle, artificial, and technical rules governing the statement of actions and defenses * * * that in many cases the whole contention was whether these rules had been observed, and the merits of the case were never reached, and frequently never thought of'': *McDonald v. Nebraska,* (1900) 101 F. 171, 182 (8th Cir.), cited in *Missouri, K. & T. Ry. Co. v. Wulf,* supra.

■ ''Statutes of limitation * * * 'are founded upon the general experience of mankind, that claims which are valid are not usually allowed to remain neglected.' '' *Weber v. State Harbor Commissioners,* (1873) 85 U. S. 57, 21 L. Ed. 798; 34 Am. Jur., Limitation of Actions 18, § 9. It is only in a highly technical sense and one that has nothing to do with the fundamental rights of the parties that the claim here sued upon can be said ''to be allowed to remain neglected''. The action was commenced December 23, 1939, nine days after the accident in which Mrs. Ross was killed, and ever since has been pressed in the courts. The plaintiff, as administrator, is the only person authorized by the statute to prosecute the action, and the wrongful acts, which, it is alleged, caused the death of the deceased, have remained unchanged in the statement of the plaintiff's claim from the beginning. It is true that he made a mistake. He thought that the estate, instead of himself individually, was entitled to the damages, and so alleged. Under the law as it stood until June 14, 1939, he would have been right, as formerly the only action that could be maintained was on behalf of the estate of the deceased, and it may fairly be assumed that he erred because neither he nor his counsel knew of the amendment of the death statute effected by Ch. 466, Oregon Laws 1939.

With respect to a comparable situation, it was said by one of America's most illustrious judges:

"Of course, an argument can be made on the other side, but when a defendant has had notice from the beginning that *the plaintiff sets up and is trying to enforce a claim against it because of specified conduct,* the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied." (Italics supplied). Mr. Justice Holmes in *New York C. & H. R. R. Co. v. Kinney,* supra.

Again Mr. Justice Holmes wrote:

"The cause of action arose under a different law by the amendment, *but the facts constituting the tort were the same,* whichever law gave them that effect, and the court was warranted in thinking that on the matter of dependency there was no surprise." (Italics supplied.) *Seaboard Air Line Ry. Co. v. Koennecke,* supra.

The case of *Neubeck v. Lynch,* (1911) 37 App. D. C. 576, 37 L. R. A. (N. S.) 813, cited by the defendant, is in point. A statute giving a right of action for wrongful death provided, like ours, that the action should be commenced in the name of the personal representative of the deceased, and that the damages should not be subject to his debts but should inure to his family, and be distributed according to the statute of distribution. As in this case, the administrator filed a declaration alleging the negligent killing of his intestate, to the damage of plaintiff in the sum of $10,000.00, but failed to allege the names of the beneficiaries. An amendment was permitted to cure this defect, and it was contended that the amended declaration stated a new and different cause of action, and, having been filed after the period of limitation had expired, that it was barred. The court, in an opinion

by Mr. Justice Van Orsdel, said that while "the averment setting forth the beneficiaries is one of the ingredients necessary to state a cause of action * * * it is, nevertheless, but one of the elements, and does not, of itself, constitute the cause of action or a separate cause of action", and that there was no change in the cause of action since "the foundation of the action in both the original and amended petitions is the negligent shooting of appellant's intestate by the appellee."

The court further said:

"It should not be the policy of the courts to defeat justice by indulging in mere technicalities and fine-spun theories of pleading. Where an amendment does not operate totally to confer jurisdiction, or to change the cause of action or shift the right of action, but merely supplies an additional element essential to a proper statement of a cause of action defectively stated, or an additional jurisdictional averment essential to clothe the court with complete power to conduct the suit to a legal conclusion, it should be allowed."

It was accordingly held that the amendment related back in point of time to the filing of the original declaration.

Like rulings are to be found in *Love v. Southern Railway Co.,* (1901) 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471, and *Hooper v. Atlanta, K. & N. Ry. Co.,* supra. In the Hooper case, where the plaintiff-administrator was permitted to amend, after the period of limitation had expired, by striking out the name of the mother of the deceased as beneficiary and inserting that of the father, the court said:

"We hold, therefore, under the rulings of this court, that the amendment in question did not intro-

duce a new cause of action, but merely substituted the name of the true statutory beneficiary for the name inadvertently used.''

It is true that the court construed the Tennessee death statute as a survival statute, which ours is not, and held that the plaintiff sued in the right of the deceased, but that does not alter the fact that the amended petition was filed on behalf of a different beneficiary, and that the measure of recovery was different. Essentially, we think, there is no ground of distinction from the instant case.

As above stated, this case was also before the United States Circuit Court of Appeals (*Atlanta K. & N. Ry. Co. v. Hooper,* supra), which, prior to the decision of the Tennessee court, had announced a contrary ruling in an opinion by Circuit Judge Taft, who said:

"To change the beneficiary, under the statute, changes the suit, the amount of recovery, and states a new and different cause of action.''

In *Basham v. Chicago G. W. R. Co.,* (1916) 178 Iowa 998, 154 N. W. 1019, 157 N. W. 192, an administrator brought an action alleging that the deceased died as the result of an injury sustained while he was in the employ of the defendant and in charge of an engine operating between certain points in Iowa. More than two years after the cause of action accrued the plaintiff was permitted to amend the petition by adding an allegation that the deceased left a dependent wife, who suffered pecuniary injury by his death, and that the action was being prosecuted for her benefit. The court said:

"We are of the opinion that the statute of limitations affords no defense in this case. The

suit was originally brought, and has ever since been maintained, by the administrator, who is the proper person to prosecute it, whether it be maintainable under the law of the state or under the Federal Employers' Liability Act. *The cause of action in either case is the death of Spellman, occasioned by the alleged negligence of the defendant.* In other words, whether the action be brought in one form or the other, it is by the same party, against the same party, in the same court, for damages for the same alleged wrong, *the sole distinction being in the measure of damages to be recovered, and the person or beneficiary to whom the plaintiff must account for the damages, if any, which he collects.* Now, assuming that plaintiff seeks to recover under the statute of the state and alleges a good cause of action, but, before the case is brought to trial, or even pending the trial, it develops that the deceased was injured while engaged in interstate commerce, and that, to sustain a verdict in favor of the administrator, the petition should allege that he was survived by a dependent wife or family, an amendment to the petition adding such necessary averment does not, in the judgment of the court, state a new cause of action permitting the defendant to successfully interpose a plea of the statute of limitations. Such is the logical and necessary effect of our own holdings.'' (Italics supplied.)

In *Motsenbocker v. Shawnee Gas & Electric Co.,* (1915) 49 Okla. 304, 152 P. 82, L. R. A. 1916B, 910, the action was brought by the plaintiff, mother of the deceased, ''in her own right, upon the theory that she was entitled to all of the damages which might be recovered''. She recovered a judgment, which was reversed on appeal, because the brothers and sisters of the deceased should have been made parties-plaintiff. On the remand the plaintiff was permitted to amend her petition accordingly, and her right to do so was

sustained as against the plea that the statute of limitations had run, the court saying that an allegation naming the beneficiaries, while necessary to state a good cause of action, "is nevertheless but one of the essential elements thereof, and does not of itself constitute a complete cause of action apart from the other allegations". See, also, *Quaker City Cab Co. v. Fixture,* supra; *Nashville C. & St. L. Ry. v. Anderson,* (1915) 134 Tenn. 666, 185 S. W. 677, L. R. A. 1918C, 115, Ann. Cas. 1917D, 902; *Hucklebridge v. A. T. & S. F. Ry. Co.,* (1903) 66 Kan. 443, 71 P. 814; *Huntington and Broad Top Railroad Co. v. Decker,* (1877) 84 Pa. 419; Clark on Code Pleading 513-516.

■ Referring to *Neubeck v. Lynch,* supra, counsel for defendant say in their brief that this case "indicates how dangerous it is to rely, to any great extent, for guidance, in our question, upon the decisions from other States" and that "the Federal rules of procedure as to amendment of pleadings * * * are, as shown by the quotations in the Neubeck case, very different from the Oregon Statute concerning amendments." It is further sought to distinguish that case on the ground that the amendment was made before trial, while here, it is argued, the amendment did not come until after trial. But that is a mistaken assumption, for it is settled in this state that, after a reversal on appeal, whenever this court does not make a final disposition of the case but remands it for further proceedings, the trial court has the same power and authority to allow a pleading to be amended as it would have had if there had been no previous trial. *Lieuallen v. Mosgrove,* 37 Or. 446, 447, 61 P. 1022; *Richardson v. Investment Co.,* supra; *York v. Nash,* 42 Or. 321, 71 P. 59. An amendment in those circum-

stances is treated as having been made before trial. And it may be seriously questioned whether the federal rules of procedure set out in the Neubeck case are any more liberal with respect to the allowance of amendments before trial than the provisions of our statute, § 1-1006, O. C. L. A. The construction given to that statute by Mr. Justice ROBERT S. BEAN, speaking for the court in *Talbot v. Garretson,* 31 Or. 256, 265, 49 P. 978, has never been departed from. With reference to the right of amendment before trial, he said:

"A plaintiff cannot, of course, abandon his original cause of action or suit, and substitute an entirely new and different one, because in such case the new pleading would not be an amendment, but a substitution for the original. But so long as the amendment is germane to the subject matter of the controversy, we can see no objection to the court, in the exercise of a sound discretion, allowing the pleadings to be amended in furtherance of justice by inserting new and additional allegations material to such controversy, although they may, in effect, constitute a new cause of action or defense."

See, also, *Nelson v. Smith,* 157 Or. 292, 299, 69 P. (2d) 1072; *Kroschel v. Martineau Hotels, Inc.,* 142 Or. 31, 39, 18 P. (2d) 818; *Zimmerle v. Childers,* 67 Or. 465, 136 P. 349.

While the statute of limitations was not involved in *Talbot v. Garretson,* yet the following passage from the opinion in that case, which was quoted in *Kroschel v. Martineau Hotels, Inc.,* supra (142 Or. 39), may be fairly said to throw light on the attitude of this court nearly fifty years ago towards a question like that with which we are now dealing:

"As illustrating the power of the court, under a statute similar to ours, to allow the pleadings to

be amended, the case of Hatch v. Central Bank, 78 N. Y. 487, is instructive. In that case the original complaint alleged, in substance, that plaintiff purchased of defendant what purported to be four United States treasury notes for $1,000, which were counterfeited. Upon issue joined the plaintiff had judgment for the amount paid for the counterfeit notes, with interest; but, after this judgment had been paid and satisfied, the court granted a motion that it be opened, and the satisfaction thereof cancelled, and that plaintiff be allowed to serve an amended complaint, adding a count setting forth the purchase of four other similar counterfeited notes, which it was claimed was omitted from the original complaint by mistake, on condition that the plaintiff refund and repay the amount of the judgment which had been paid, and upon compliance with certain other terms and conditions, *although the effect of such amendment was to avoid the statute of limitations.* The order allowing this amendment was affirmed on appeal, the court, through Mr. Justice Danforth, saying that 'it was going a great way to grant the relief sought, but the application was not without merit, and was one which, under a long series of authorities, the court had power to grant'." (Italics supplied).

■ The conclusion which we have reached follows as a logical consequence from our adoption of the view put forth in Clark on Code Pleading, p. 503, and approved by the Supreme Court of the United States in the opinion of Mr. Justice Cardozo in *United States v. Memphis Cotton Oil Co.*, supra, that the term, "cause of action", does not always and in all circumstances have the same meaning, and that in the context of a case like this it is to be taken "as a group of operative facts giving rise to one or more rights of action": *Elliott v. Musgrove,* 162 Or. 507, 544-552, 91 P. (2d) 852, 93 P. (2d) 1070. See, also, *East Side Mill & Lum-*

*ber Co. v. Southeast Portland Lumber Co.,* 155 Or. 367, 374, 64 P. (2d) 625; *Asher v. Pitchford,* 167 Or. 70, 77, 115 P. (2d) 337. Under that conception the cause of action for the purposes of the question here to be decided consists in a claim against the defendant ''because of specified conduct'' which the ''defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce'': *New York C. & H. R. R. Co. v. Kinney,* supra. The identity of the cause of action, therefore, remains substantially unchanged, and the defense of the statute of limitations is not available. In so holding no injustice is done the defendant, who is merely required to meet the claim of his adversary on the merits.

 The contention that the original complaint was a nullity and, therefore, that there was nothing to amend is, in our opinion, not sound. That pleading showed that a wrong had been committed by the defendant for which the plaintiff was entitled to recover on behalf of one of the beneficiaries named in the statute. The answer alleged, and the reply admitted, that Frank P. Ross was the surviving husband of the deceased, and, if the doctrine of aider by a plea be applicable, it then appeared that it was the husband and not the estate, on behalf of which the action was brought, to whom the damages would inure. In either case it was a defective statement of a good cause of action: *Neubeck v. Lynch,* supra; *Motsenbocker v. Shawnee Gas & Electric Co.,* supra. Our decision that the complaint, having been demurred to, was not sufficient to support the judgment, does not mean that it was a nullity. By remanding the case for further proceedings we indicated our opinion that the complaint had substance; otherwise we would have directed that judgment be

entered for the defendant. The purpose of statutes authorizing amendments is to enable litigants to cure defective pleadings. The very section of Corpus Juris, 17 C. J., Death 1298, § 157, which counsel cite for the rule that where the original pleading states no cause of action it cannot be amended also says:

"Failure to allege the existence of beneficiaries, for whose benefit the action is brought, may be cured by amendment, unless there is no evidence to support the proposed amendment; and it has been held that such an amendment may be made after the expiration of the statute of limitations, but there is authority to the contrary." (17 C. J. 1299)

*Holton v. Holton,* 64 Or. 290, 129 P. 532, 48 L. R. A. (N. S.) 779, cited by the defendant on this point, does not, we think, support his contention. That was a divorce suit in which the plaintiff was erroneously permitted, almost fifteen months after the rendition of the decree, to amend his complaint by inserting an allegation, theretofore lacking, as to his residence. Such an allegation, it was held, was essential in order to give the court jurisdiction of the subject matter of the suit, and, without it, the complaint, of course, had no validity whatever. No such question is presented here.

■ The defendant calls our attention to the fact that the limitation prescribed in § 8-903, O. C. L. A., is a condition of the right to bring the action, citing *Laidlaw v. Oregon Ry. & Nav. Co.,* (1897) 81 F. 876 (9th Cir.), and other cases. We are unable to see that this is a relevant consideration. In some circumstances, as indicated in the text in 25 C. J. S., Death, 1158, § 53, 1192, § 73, to which we are referred, it may make a great deal of difference whether the case is governed

by the ordinary statute of limitations or by a limitation which goes to the existence of the right itself, but the question whether an amendment states a new cause of action is not, we think, affected by the nature of the particular limitation. The Federal Employers' Liability Act has a similar provision, but that has not apparently, been thought to enter into decisions of like questions arising under that act.

Nor do we perceive the application to this case of the doctrine of *Thompson v. Union Fishermen's Co-op. Packing Co.,* 118 Or. 436, 464, 235 P. 694, 246 P. 733, that, under the Oregon Employers' Liability Act, "if any one of the beneficiaries named in the act is living, no other person can recover under that act for the death of a person caused by a violation of the act, for otherwise the employer would be subject to more than one action for the same wrong * * * ". In our former decision we held, as we still hold, that no one except the personal representatives suing on behalf of the surviving husband can maintain the present action. We do not thereby subject the defendant to the hazard of another action by some other plaintiff or on behalf of some other beneficiary. The Union Fishermen's case, however, does have its bearing, for it held that a mother who, as administrator, had brought an action for the death of her daughter under § 380, L. O. L. (the predecessor of § 8-903, O. C. L. A.), might, six years after the cause of action accrued, on a reversal and remand to the Circuit Court, amend her complaint so as to state a cause of action under the Oregon Employers' Liability Act. It is true the statute of limitations was not mentioned, but the court, of course, knew that the statutory period had long since expired.

Numerous authorities are cited in the briefs of counsel for the defendant, which we have examined but have thought it unnecessary to refer to specifically, because our chief concern has been with the principles affecting the administration of justice which underlie the conflicting judicial views upon this subject. Our opinion in *Fox v. Ungar,* supra, written by Mr. Justice RAND and concurred in by three other members of the court, including the writer of this opinion, clearly and forcefully states the argument for the restrictive doctrine there announced. The present case was heard by the full court, with the exception of Mr. Justice BELT, and, after a careful re-examination of the question, we are all of the opinion that, for the reasons herein given, *Fox v. Ungar,* in so far as it is inconsistent with this decision, should be deemed overruled.

The judgment is reversed and the cause remanded to the Circuit Court with directions to overrule the demurrer to the amended complaint, and for further proceedings in conformity to this opinion.