[Filed March 4, 1892.]

## ADOLPH FRANKE ET AL. *v.* A. R. SHIPLEY.

DESCENT—HEIRS.—Where a party claims as heir, he must first establish affirmatively his relationship with the deceased; and, second, that no other descendent exists to impede the descent to the plaintiff.

WILLS—TESTAMENTARY CAPACITY—STARE DECISIS.—In respect to testamentary capacity it is sufficient if the testator knew and understood what he was doing, and to whom he was giving his property when he executed his will. *Clark* v. *Ellis,* 9 Or. 128, and *Chrisman* v. *Chrisman,* 16 Or. 127, followed and approved.

Clackamas county: F. J. TAYLOR, Judge.

Plaintiff appeals.   Affirmed.

*C. D. & D. C. Latourette,* for Appellants.

*W. W. Thayer,* and *Miller & Miller,* for Respondent.

PER CURIAM.—This is a suit to contest the validity of a will.   It presents, mainly, two questions of fact to be decided from the evidence.   First—Does the evidence establish the heirship of the plaintiffs to the testator?  Second—Does it show that the testator was of sound and disposing mind at the time of the execution of the will?

Unless the plaintiffs were the heirs of the testator, they have no standing to impeach the validity of the will.   They must establish by competent proof that they were the heirs of the testator and would inherit his estate were it not for the will.   "Where a party claims as heir," says Mr. Lawson, "he must first establish affirmatively his relationship with the deceased; and, second, that no other descendant exists to impede the descent to the plaintiff."   (6 Lawson's Rights, Rem. & Prac. § 3138.)

The will in question was made by John G. Franke to the defendant, who was not a relative, but a friend and neighbor.   The plaintiffs and contestants claim to be his brothers and sisters.   They ask to set aside his will on the ground of a lack of testamentary capacity.   It is not necessary to load the record with the facts to show the conclusion

we have reached.  While fully appreciating the difficulty of obtaining proof, under the circumstances, to establish pedigree, we do not think the evidence is sufficient to establish the heirship of the contestants with the decedent John G. Franke.

But if there be any doubt on this point, there is none in our minds on the second, namely, that the decedent had testamentary capacity at the time of the execution of his will.   With reference to the amount of testamentary capacity necessary, it has been held by this court that it is sufficient if the testator knew and understood what he was doing, and to whom he was giving his property when he executed his will.   (*Clark* v. *Ellis*, 9 Or. 128; *Chrisman v. Chrisman*, 16 Or. 127.)

The evidence as to the execution of the will shows that the will was read over to him before signing, that he knew its contents, and what he was doing.   There is nothing to indicate that he was not sane, or in the full possession of his faculties, or that he was acting under any excitement or undue influence.   He was undoubtedly a simple-minded man, and illiterate, but he was industrious, honest, and economical, and during his life accumulated a small estate. His reasons for leaving his property to the defendant are stated, and why it was not willed to his relatives.

We find nothing in the circumstances of the case which would justify us in holding that he lacked testamentary capacity, and must affirm the decree.