Argued December 5, 1961, reversed and remanded
January 24, 1962

IN RE ESTATE OF OLIVE L. MILLER, DECEASED
MILLS *v.* FEIOCK
368 P. 2d 327

*Samuel M. Suwol,* Portland, argued the cause and filed a brief for appellant.

*Harlow F. Lenon,* Portland, argued the cause for respondent. On the brief were Lenon & Willner.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

LUSK, J.

On March 13, 1961, there was filed in the probate

department of the circuit court for Multnomah county a petition reading as follows:

"IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF MULTNOMAH

"In the matter of the estate of )   No. 87860
)
Olive L Miller )
) WILL CONTEST
Deceased )

"Comes now Donald J Mills, relative of the deceased and moves this Honorable court for an order and decree setting aside the will probated herein on the ground and for the reason that is set forth herein:

I.

"Edward D. Feiock, the present executor of the will of the deceased imposed by undue influence upon the mind of the deceased to disregard the relatives of the deceased.

II.

"That deceased was an elderly woman and that said Edward D Feiock, a total stranger to the deceased, succeeded in having the person caring for the deceased to leave and the said Edward D. Feiock then took over and terrorized the deceased and so brought her under his influence that she the deceased was forced thereby to make a will in favor of the said Edward D Feiock, who then became the Executor thereof and is about to sxll [sic] the real estate and property of the deceased, which in good conscience and law belongs to the petitioner and forever prays that the will be set aside and that this estate be treated as an estate without a will.

"/s/ S M SUWOL
S M SUWOL
"Attorney for Petitioner"

On the same day a copy of such petition was served

by mail on Mr. Harlow F. Lenon, attorney of record for the executor of the estate of Olive L. Miller, deceased.

On March 22, 1961, the executor, by his attorneys Lenon & Willner, filed the following motion:

"Comes now EDWARD D. FEIOCK, and appearing specially and for the purpose of this motion alone, and not generally, and not by way of acknowledgment of the jurisdiction of the Court herein, moves the Court for an order quashing and dismissing the petition of DONALD A. MILLS heretofore filed herein:

"(1) For the reason that no order for the issuance of citation for the appearance of said EDWARD D. FEIOCK has been presented, applied for or obtained herein;

"(2) For the reason that no citation requiring said EDWARD D. FEIOCK to appear and respond thereto has been issued herein;

"(3) For the reason that no service of citation or petition has been made upon EDWARD D. FEIOCK herein,

"(4) For the reason that no adversary proceeding has been instituted thereby.

"In support of the foregoing, this executor will rely upon Section 115.180 of the Oregon Revised Statutes and the cases construing the same."

In addition, the motion stated that in the event that it should be denied, the executor moved to strike the petition from the files on the grounds theretofore specified and the further grounds that "said petition fails to set forth the capacity of petitioner, his relationship to decedent, his interest in said estate, the fact, if such it be, that decedent was intestate except for the will presently being probated, the failure to join other heirs and next of kin of decedent, if any there be, as parties herein." The motion further stated that

in the event that both said foregoing motions should be denied, the executor moved for an order requiring the petitioner to make his petition more definite and certain in various particulars specified and in the event that all such motions should be denied, the executor demurred to the petition for failure to state sufficient facts and for other reasons including the ground that the statute of limitations had run against the suit.

On April 16, 1961, the court entered an order "that the petition of Donald A. Mills be and the same is hereby dismissed." From this order the petitioner filed notice of appeal to this court on May 16, 1961. The only question is upon the propriety of the court's order dismissing the petition.

Both parties, apparently, have proceeded upon the assumption that the executor made a special appearance for the purpose of having the court quash the service of process on the ground that no citation had been issued or served upon the executor as required by the probate code, ORS 115.010.

■ This is an erroneous assumption. While that may have been the intention of the executor, it is not what he did. He moved to "quash and dismiss *the petition*." Such a motion goes to the merits of the case, not to a defect in the service of process and is a general appearance. *Clawson v. Boston Acme Mines Development Co.*, 72 Utah 137, 269 P 147, 59 ALR 1318; 6 CJS 31, Appearances § 12. The executor asked for relief which could be granted only on the hypothesis that the court had jurisdiction of the cause and the person. He thereby submitted himself to the jurisdiction of the court as completely as if he had been regularly served with process. The fact that his ap-

pearance by its terms was labeled "special" is immaterial. *Chagnot v. Labbe,* 157 Or 280, 285, 69 P2d 949; *Anderson v. Guenther,* 144 Or 446, 453, 22 P2d 339, 25 P2d 146; *Belknap v. Charlton,* 25 Or 41, 46, 34 P 758.

In this view of the case it becomes unnecessary to consider whether the various other motions and the demurrer, which concededly would otherwise constitute a general appearance, are not to be given that effect because they were stated to be contingent upon the denial of the motion to dismiss.

■ A dismissal of an action or suit signifies, not a final judgment on the controversy, but an ending of that particular proceeding. *White v. Pacific Tel. & Tel. Co.,* 168 Or 371, 376, 123 P2d 193. In strict accuracy there is no such thing under our practice as the dismissal of a complaint or a petition. A will contest is in the nature of a suit in equity, ORS 115.010, and such a proceeding may be brought to an end by dismissing the suit, not the complaint, before trial. ORS 18.210, 18.230. Nevertheless, it is not uncommon for lawyers and even judges to speak of dismissing a complaint, when what is really meant is dismissing the suit. If that is not what was intended by the order under consideration, then we are at a loss to determine its meaning. It can scarcely be viewed as an order striking the petition from the files, for that was the object of one of the alternative motions which the executor asked the court to act upon only in the event that the motion to dismiss the petition should be denied; and it is certainly not the equivalent of an order quashing the service of process which would have left the petition undisturbed and the case to stand as if no process had been issued. 72 CJS 1167, Process § 112e.

The effect, therefore, of the court's order was to terminate the proceeding. The net result, so far as the petitioner is concerned, is that he has been put out of court on a motion of the defendant intended only to secure a ruling that the court had no jurisdiction over him. Were the order permitted to stand, the petitioner could never have a trial on the merits because the six-month statute of limitations applicable to a will contest (ORS 115.180 (1)) has long since run and hence the petitioner is barred from filing a new suit. He is certainly entitled to the same consideration that is accorded a litigant after a demurrer to his complaint has been sustained. In that case the court "may in its discretion allow the party to amend the pleading demurred to, upon such terms as may be proper." ORS 16.380.

▇ The general rule is that for the purpose of determining whether the statute of limitations has been tolled, an amended pleading which introduces no new cause of action relates back to the filing of the original complaint. *Schulmerich v. First National Bank,* 220 Or 528, 532, 349 P2d 849; *Railton v. Redmar,* 209 Or 80, 87, 304 P2d 408. It is also the rule, however, that when the original complaint states no cause of action whatever an amendment made after the bar of the statute will not relate back, but will be regarded as the beginning of the action in reckoning the period of the statute of limitations. 54 CJS 321, Limitations of Actions § 279b.

▇▇ The petition in this case comes very close to stating no cause of suit whatever. It bears no caption save the title of the estate of Olive L. Miller, deceased, and names no parties in the title. It does not definitely disclose that the petitioner is a "person inter-

ested", as the statute, ORS 115.180 (1), requires. It merely recites that the petitioner is a "relative" of the deceased. A relative may or may not be a "person interested". Those only may contest the validity of a will who would be entitled to share in the estate of the deceased had he died intestate or should the will be denied probate. *In re Estate of Chas. J. Peterson,* 202 Or 4, 271 P2d 658; *In re Carlson's Estate,* 153 Or 327, 335, 56 P2d 347; *Franke v. Shipley,* 22 Or 104, 29 P 268. The allegations of undue influence fall little short of bare conclusions of law. See Annotation, 107 ALR 832.

■ But on this question we have adopted a liberal rule, *Railton v. Redmar,* supra; *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 76, 274 P2d 804; *Ross v. Robinson,* 174 Or 25, 45, 147 P2d 204. In these cases we quoted with approval the statement of Mr. Justice Holmes in *New York C. & H. R. R. Co. v. Kinney,* 260 US 340, 43 S Ct 122, 67 L ed 294, that:

> "* * * when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied."

■ The petition in this case, although deficient in the respects which we have pointed out and vulnerable to demurrer, contains enough to justify its amendment in order to avoid the bar of the statute of limitations, and if, on the remand, the petitioner should apply to the court below for leave to amend, the application should be considered by that court in the light of what we have said upon this subject.

■ One other matter needs to be mentioned. As

previously stated, the petitioner filed and served notice of appeal on May 16, 1961. From that time forward this court, not the circuit court, has had jurisdiction of the cause. ORS 19.033. Notwithstanding this fact, the attorney for the petitioner thereafter filed in the circuit court an amended petition which has been printed in the appellant's abstract and brief. Further, the notice of appeal bears the names of two persons in addition to Donald J. Mills as "Plaintiffs contestants." The addition of their names as parties in the notice of appeal was wholly unauthorized and the amended petition is no part of the record in the case before us and was improperly included in the appellant's abstract and brief.

The order appealed from is reversed and the cause remanded for further proceedings in conformity with this opinion. No costs or disbursements will be allowed.