Argued June 3, reversed and remanded September 9, 1974

BRACKHAHN, *Appellant, v.* NORDLING ET AL,
*Respondents.*

526 P2d 221

*Deane Sterndale Bennett,* Beaverton, argued the cause and filed a brief for appellant.

*Charles D. Ruttan,* Portland, argued the cause for respondents. With him on the brief were Morrison, Bailey, Dunn, Cohen & Miller, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The issue is whether the plaintiff's amended complaint, which was filed after the statute of limitations had run, stated a "new" cause of action and, therefore, could not relate back to the original complaint.

Plaintiff filed his first complaint on June 2, 1972. He alleged that on July 16, 1970, the defendants "wrongfully and willfully caused plaintiff to be arrested" and "caused plaintiff to be imprisoned in the

city jail * * *." He further alleged "[t]hat plaintiff was charged with and acquitted of the crime of trespassing."

Plaintiff filed amended complaints. The third amended complaint contained the allegations quoted above. Defendants moved to strike those allegations in the third amended complaint and defendants' motion was granted.

In May 1973 plaintiff filed a fourth amended complaint alleging that on July 16, 1970, defendants "maliciously and without reasonable or justifiable cause made a sworn complaint against plaintiff charging him with the offense of trespass * * *; whereupon a warrant was issued and plaintiff was arrested and taken into custody * * *." Plaintiff further alleged: "[T]he charge against plaintiff was at said time dismissed for lack of evidence."

The defendants filed a demurrer upon the grounds that the complaint failed to state a cause of action and the plaintiff had not commenced his action within the prescribed time. The trial court sustained the demurrer without specifying upon which ground. The order stated that the plaintiff was "precluded from pleading over on the same cause of action." Plaintiff moved to be permitted to file an amended complaint "pleading a Cause of Action in Malicious Prosecution." No order on this motion is in the trial court file. The trial court subsequently entered an order of dismissal from which plaintiff appeals.

▪ The statute of limitations for both false arrest and malicious prosecution is two years. If the fourth amended complaint cannot be related back to the original complaint, the plaintiff's complaint was cor-

rectly dismissed because it was not brought within the period of limitations.

We have been faced with a similar problem in various contexts. A discussion of some of our decisions indicates the trend we have followed.

The plaintiff in *Richardson v. Investment Co.,* 124 Or 569, 264 P 458, 265 P 1117 (1928), filed a complaint to recover upon an express contract in which the defendant promised to pay an agreed price for the installation of a sidewalk. This court reversed the judgment for the plaintiff and after the statute of limitations had run the plaintiff filed an amended complaint seeking to recover upon the theory of quantum meruit. We held the plaintiff could recover because "the change is only that of form." 124 Or at 571-572.

In *Fox v. Ungar,* 164 Or 226, 98 P2d 717 (1940), the plaintiff administrator filed a wrongful death action; within the period of the statute of limitations the complaint was amended and the mother of the decedent was named plaintiff. After the statute had run the plaintiff amended her complaint and alleged a cause of action under the Oregon Employers' Liability Act. The Employers' Liability Act imposes a higher standard of care. We held the amended complaint stated a new cause of action and could not relate back.

Four years later in *Ross v. Robinson,* 174 Or 25, 147 P2d 204 (1944), we overruled *Fox v. Ungar,* supra (164 Or 226). Frank Ross sued as administrator for damages for the benefit of the estate alleging the defendant wrongfully caused the death of the decedent. After the statute of limitations had run the complaint was amended and Frank Ross sued as an individual and widower of the decedent and sought damages for

himself as the decedent's sole beneficiary. We held the amended complaint related back and the plaintiff was not barred by the statute of limitations.

In *Drake Lumber Co. v. Paget Mortgage Co.*, 203 Or 66, 274 P2d 804 (1955), the plaintiff filed a complaint to foreclose a mechanic's lien for materials delivered. Plaintiff did not allege that it had given notice to the owners that it was delivering materials to the builder. This is a statutory requirement. After the statute of limitations had run the plaintiff amended its complaint and alleged the builder was the agent of the owner. If proved, this fact would negate the necessity of giving the notice of delivery of materials to the owner. We held that although the original complaint may not have stated a cause of action, the amended complaint could relate back and the suit could be maintained.

In *Mills v. Feiock*, 229 Or 618, 368 P2d 327 (1962), the plaintiff filed a petition in the probate court. Petitioner alleged he was a relative of the decedent and asked that the will be set aside. He alleged in conclusory terms that the executor had unduly influenced the decedent which resulted in her devising the executor her property. He further alleged the property "in good conscience and law belongs to the petitioner." 229 Or at 620. One question was whether the petitioner could amend his petition after the statute of limitations had run and remedy the defects in the petition. We pointed out the numerous respects in which the petition was deficient but allowed an amendment and stated: "But on this question we have adopted a liberal rule * * *." 229 Or at 625.

*Credit Bureaus v. Allen*, 251 Or 616, 447 P2d 300 (1968), is a clear illustration of when relating back

should not be allowed. The plaintiff filed a complaint seeking money due for personal services. After the statute of limitations had run, the plaintiff amended its complaint seeking money due for the sale and delivery of 10 cows. We held the amended complaint could not relate back as it related to an entirely different subject than the first complaint.

■ Not always clearly stated, but clearly implied in our decisions, is the rationale that an amended pleading should be permitted to relate back if the defendant is not prejudiced. In those cases in which we held the amended complaint could relate back, the original complaint apprised defendant that the plaintiff was claiming relief because of defendant's conduct at a certain time and place. If the amended pleading continues to claim relief because of that same conduct of defendant but upon a different theory, the defendant is not prejudiced because of a change in theory or a change in the cause of action. The defendant is alerted to plaintiff's claim and has the opportunity to investigate and do whatever is believed necessary to protect itself. The claim does not become stale because the legal theory or cause of action was changed in the amended complaint.

Mr. Justice Lusk was referring to this same rationale in *Ross v. Robinson,* supra (174 Or at 38), when he quoted Mr. Justice Holmes:

"With respect to a comparable situation, it was said by one of America's most illustrious judges:

" 'Of course, an argument can be made on the other side, but when a defendant has had notice from the beginning that *the plaintiff sets up and is trying to enforce a claim against it because of specified conduct,* the reasons for the Statute of Limitations do not exist, and we are of opinion that a liberal rule should be applied.' (Italics supplied).

Mr. Justice Holmes in *New York C. & H. R. R. Co. v. Kinney,* supra.

"Again Mr. Justice Holmes wrote:

" 'The cause of action arose under a different law by the amendment, *but the facts constituting the tort were the same,* whichever law gave them that effect, and the court was warranted in thinking that on the matter of dependency there was no surprise.' (Italics supplied.) *Seaboard Air Line Ry. Co. v. Koennecke,* supra."

In *State ex rel Kalich v. Bryson,* 253 Or 418, 423, 453 P2d 659 (1969), we stated this same rationale:

"The question of the sufficiency of the summons to give the court jurisdiction for the purposes here discussed involves essentially the same considerations as those presented where a plaintiff seeks to amend his complaint after the period of the statute of limitations has run. The amendment is allowed if it does not introduce a substantially new issue. If no new issue is involved the notice received by the defendant in the original complaint is deemed sufficient to alert him to the need for gathering his evidence and preparing his case. \* \* \*."

■ Relating back is permitted although the different cause of action in the amended complaint involves some issues which are different or in addition to those presented by the original complaint.

In *Richardson v. Investment Co.,* supra (124 Or 569), the original complaint was upon the theory of express contract. The reasonable value of the services rendered and materials furnished is not an issue in such an action. The amended complaint proceeded upon the theory of quantum meruit in which the reasonable value of the goods and services is a key issue. In *Richardson* we permitted the amended complaint to relate back.

In *Ross v. Robinson,* supra (174 Or 25), we pointed out that the amended complaint changed or added two important issues. The measure of damages was changed in the amended complaint and contributory negligence was made an issue. Nevertheless, we permitted the amended complaint to relate back.

In *Drake Lumber Co. v. Paget Mortgage Co.,* supra (203 Or 66), the amended complaint added the crucial issue of whether the builder to whom the materials were supplied was acting as the agent of the property owner. We permitted the amended complaint to relate back.

██ In the present case the original complaint probably was intended to state a cause of action for false arrest. The essence of a false arrest is causing the plaintiff to be wrongfully arrested. The original complaint, however, contained allegations which are unnecessary to the tort of false arrest. Plaintiff alleged he was charged with a crime and acquitted. These are relevant to the tort of malicious prosecution which requires that the defendant institute criminal proceedings against plaintiff and the criminal proceedings be terminated in plaintiff's favor. Malicious prosecution also requires an allegation of lack of probable cause and that the defendant acted maliciously; these were lacking. The fourth amended complaint did allege these previously missing elements.

█ These added elements are substantial issues in an action for malicious prosecution but no more so than the issues that were added by the amended complaints in *Richardson v. Investment Co.,* supra (124 Or 569), *Ross v. Robinson,* supra (174 Or 25), or *Drake Lumber Co. v. Paget Mortgage Co.,* supra (203 Or 66). When the defendant was alerted by the filing of the

original complaint whatever action it took to protect itself should have encompassed these issues as well as those involved in false arrest.

*Meyers v. Edwards,* 256 S2d 337 (La App 1971), cited by defendants, does hold as defendants contend we should. In that decision, however, the court does not discuss the problem and we do not find it persuasive.

We hold that the fourth amended complaint does relate back to the original complaint and, therefore, the demurrer should not have been sustained upon the ground that the statute of limitations barred the plaintiff.

■ Defendants argue that their demurrer was also sustained upon the ground the fourth amended complaint failed to state a cause of action and the plaintiff did not assign as error the trial court's sustaining the demurrer on this ground. The fourth amended complaint did adequately state a cause of action and we are of the opinion that the trial court's order sustaining the demurrer was based upon the statute of limitations.

Reversed and remanded.