Argued and submitted August 1, 1980, affirmed February 3, 1981

MEYER et al,
*Plaintiffs,*
CAMPBELL,
*Appellant - Cross-Respondent,*
*v.*
FORD INDUSTRIES, INC., et al,
*Respondents - Cross-Appellants,*
FORD et al,
*Respondents.*

(No. 400-798, CA 15510)

622 P2d 1139

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

James H. Clarke, Portland, argued the cause for respondents - cross-respondents. With him on the brief were Jeffrey M. Batchelor and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

WARDEN, J.

One of the plaintiffs, H. Albert Campbell, appeals the trial court's order sustaining defendants' demurrer to the second, third and fourth causes of action of plaintiffs' amended complaint. Defendants demurred on the grounds that these actions had not been commenced within the time limited by statute.[1]

Plaintiffs' original complaint, filed on March 12, 1974, alleged that "[o]n or about May 14, 1971, and thereafter * * * " plaintiffs demanded from defendants that certain books and records relating to defendant corporation be provided plaintiffs for inspection pursuant to ORS 57.246.[2] Plaintiffs sought penalties pursuant to ORS 57.246(3) for defendants' refusal to provide these documents within a reasonable time.

On November 28, 1975, plaintiffs filed their first amended complaint. The first cause of action alleged a demand for documents made on May 14, 1971, and enumerated those documents, which were nine of the ten documents designated in the original complaint.[3] The

---

[1] Defendants Ford Industries, Inc., and Frank H. Spears filed a notice of cross-appeal, but did not pursue the cross-appeal.

[2] In 1971 ORS 57.246 provided, in pertinent part:

" * * * * *

"(2) Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five percent of all the outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom. The corporation shall mail a copy of its latest financial statement to any shareholder upon his written request therefor.

"(3) Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of shareholders, for any proper purpose, shall be liable to such shareholder in a penalty of 10 percent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law. * * * * *

" * * * * * * "

[3] Paragraph three of plaintiff's original complaint stated as follows

remaining document, designated as number five in the original complaint, was alleged to have been demanded on May 14, 1971, in the third cause of action. Plaintiffs' second cause of action in the amended complaint alleged a demand made on or about September 7, 1971, to examine all correspondence of defendant corporation relating to offers to purchase stock or assets of defendant corporation, a demand similar to that enumerated as number ten in the original complaint and as number nine in the first cause of action in the amended complaint. Plaintiffs' fourth cause of action alleged a demand made on or about August 3, 1971, to examine all records relating to the issuance to Roseburg Lumber Co. of a $1.5 million convertible debenture. This demand was itemized as number seven in the original complaint and as number six in the first cause of action in the amended complaint. Defendants demurred to the second, third and fourth causes of action on the grounds that they were not commenced within the three years limited by

---

"On or about May 14, 1971 and thereafter plaintiffs made a written demand stating proper purposes on defendants Spears and Ford Industries to examine the following corporate books and records of account and minutes and record of shareholders of Ford Industries:

" 1. Minutes of Board of Directors' meetings;

" 2. Record of shareholders;

" 3. Agreement(s) relating to the purchase of Marcom, Inc.;

" 4. Agreement(s) with Colonial Leasing Corp.'

" 5. A preliminary year end statement of Ford Industries dated April 16, 1971 with attached commentary sheet;

" 6. Records relating to the investment of $158,390 which Ford Industries contributed to its employee pension plan;

" 7. Papers and written documents relating to the issuance and computation of a 9 percent $1.5 million convertible debenture to Roseburg Lumber Co.;

" 8. Agreements between Ford Industries and any former employee of Ford Industries including, but not limited to, Herbert L. Brown;

" 9. Records relating to the increase in a loan from $1,369,492 to $1,500,000 from Roseburg Lumber Co. to Ford Industries between July 31, 1970 and October 26, 1970; and

"10. Any written documents relating to an offer to purchase, merge with or underwrite any portion of Ford Industries."

ORS 12.100(2).[4] The trial court sustained defendants' demurrer.

Plaintiffs then filed a second amended complaint, alleging a single cause of action, a restatement of the first cause of action from the amended complaint. Plaintiffs recovered judgment against the defendants on the second amended complaint.

Appellant contends that the filing of the amended complaint related back to the filing of the original complaint and, therefore, the second, third and fourth causes of action were filed within the time allowed by the statute of limitations. Appellant also contends that each demand gave rise to a separate cause of action and he should, therefore, be allowed to seek recovery on each. Defendants contend that the second and fourth causes of action do not relate back, and that the first and third causes of action, both alleging demands made on May 14, 1971, constitute a single demand capable of supporting but one cause of action, and that plaintiff has already recovered on this claim.

The Supreme Court in *Brackhahn v. Nordling,* 269 Or 667, 526 P2d 221 (1974), enunciated the rule that an amended complaint "relates back" if it seeks relief based on the same "conduct" that was alleged in the original complaint. The rule for relation back is explained in *Brackhahn,* 269 Or at 673, and is reiterated in *Campbell v. Ford Industries, Inc.,* 274 Or 243, 253, 546 P2d 141 (1976), as follows:

> " 'Not always clearly stated, but clearly implied in our decisions, is the rationale that an amended pleading should be permitted to relate back if the defendant is not prejudiced. In those cases in which we held the amended complaint could relate back, the original complaint apprised defendant that the plaintiff was claiming relief *because of defendant's conduct at a certain time and place.* If the amended pleading continues to claim relief because of that same conduct of defendant but upon a different theory, the defendant is not prejudiced because of a change in theory or a change in the cause of action. * * * .' "
> (Emphasis supplied.)

---

[4] ORS 12.100(2) provides:
"(2) An action upon a statute for penalty or forfeiture, where the action is given to the party aggrieved, * * * shall be commenced within three years."

■     Plaintiffs attempted by their original complaint to recover multiple penalties based on the number of documents demanded. In the amended complaint they attempted to recover multiple penalties based on a number of different demands *made at different times.* The second and fourth causes of action in the amended complaint are grounded in defendants' separate acts of refusal to comply with separate demands made by plaintiffs subsequent to May 14, 1971. They are not based on the same conduct which gave rise to the original complaint. We hold that the filing of the second and fourth causes of action in the amended complaint based on defendants' refusals of separate and subsequent demands does not relate back to the time of the filing of the original complaint. Since the amended complaint was filed more than three years after the date of the demands alleged in the second and fourth causes of action, they were not commenced within the time limited by statute. The trial court's ruling in sustaining the demurrer to these causes of action is affirmed.

■     As stated above plaintiffs' third cause of action alleged a demand for a single document on May 14, 1971, the same date as that of the demands alleged in plaintiffs' demands for numerous other documents contained in the first cause of action. We conclude that the alleged refusal of a second demand made on May 14, 1971, does not constitute refusal of a "separate and *subsequent"* demand. *Meyer v. Ford,* 272 Or 531, 538 P2d 353 (1975). Plaintiffs cannot generate multiple penalties by sending numerous letters for separate items on the same day. Recovery has already been made of the penalty for defendants' refusal of the May 14, 1971, demand and appellant cannot recover again. The trial judge ruled correctly in preventing the third cause of action from remaining in the case to support an award of any additional penalty.

Having found that the second and fourth causes of action of plaintiffs' amended complaint are barred by the appropriate statute of limitations and that plaintiffs' first and third causes of action constitute but one cause of action entitling plaintiffs to only one recovery which has already been realized, we find it unnecessary to consider defendants' further contention that plaintiffs' second and fourth

causes of action do not allege facts sufficient to constitute causes of action.

Affirmed.