IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

DAVID LEE,                                          )
                                                   )
            Plaintiff,                             )    TC-MD 111007N
                                                   )
       v.                                          )
                                                   )
MULTNOMAH COUNTY ASSESSOR,                         )
                                                   )
            Defendant.                             )    **DECISION**

On September 21, 2011, Plaintiff filed his Complaint appealing Defendant's

disqualification of 6.79 acres of property, identified as Account R559208 (subject property),

from forestland special assessment for the 2011-12 tax year.  (Ptf's Compl at 3.)  The parties

filed cross motions for summary judgment and oral argument was held by telephone on May 21,

2012.  Plaintiff appeared on his own behalf.  Lindsay Kandra (Kandra), Assistant County

Counsel, appeared on behalf of Defendant.  The parties filed supplemental arguments on

May 22, 2012, and June 11, 2012.

Plaintiff opposes Defendant's disqualification of the subject property.  (Ptf's Compl at 2.)

Plaintiff raised a second issue relating to Defendant's denial of his application for a change in

special assessment (application) to nonexclusive farm use (non-EFU) under ORS 308A.724(2).

(Ptf's Ltr at 3-4, May 4, 2012.)  Plaintiff focused primarily on the denial of his application during

oral argument and in his response to Defendant's Motion for Summary Judgment.  Defendant

argues that Plaintiff cannot challenge Defendant's denial of his application because he did not

timely appeal that denial or timely amend his Complaint.  (Def's Opposition to Plaintiff's Am

Compl at 2; Def's Reply at 2-3.)  Defendant argues, in the alternative, that the denial of

Plaintiff's application should be upheld because Plaintiff failed to establish farm use on the

subject property at the time of application.  (Def's Reply at 2.)

I.  STATEMENT OF FACTS

The subject property is located in the "Residential Farming" (RF) zone in Multnomah County.  (Def's Mot for Summ J at 4, Ex B.)  Defendant states:  "Most of the [subject] property lies within the City [of Portland's] (c) or (p) environmental overlay zones."  (*Id.*)  Plaintiff asserts that "only 3.9 acres of [the subject property] lie in conservation and protected zones, while [2.9] acres[1] do not."  (Ptf's Compl at 2; Ptf's Ltr at 1, May 4, 2012.)  "Within the City's Environmental Protection ('(p)') and Environmental Conservation ('(c)') overlay zones, the removal of vegetation, including the harvesting of trees, and the disturbance of soil is regulated or prohibited. * * * In the case of existing agricultural uses, PCC 33.430.080.C2 allows continued agricultural uses if there is evidence of historic and ongoing agricultural activity. If such evidence cannot be provided, any tree removal from the property must meet the Environmental Plan Check Standards in PCC 33.430.140 or be approved by the City through a Type II or Type III Environmental Review."  (Def's Mot for Summ J at 2.)

Plaintiff argues that "logging" is allowed on part of the subject property (2.9 acres) that was disqualified and that he has "logged" the subject property since acquiring it "and continue[s] to do so."  (Ptf's Ltr at 2, May 4, 2012.)  Plaintiff stated that his logging activities include improving the old logging road, cutting down trees for use as firewood, planting trees, and trading wood for "a farm share" that provides "vegetables and produce."  (*Id.* at 5; *see also id.* at Attachments 12, 15 (photographs).)  Plaintiff stated that he disagrees with Defendant's determination that the portions of the property subject to the environmental overlay preclude logging in the other portions.

---

[1] Plaintiff's Complaint and written arguments both state 3.9 acres of the subject property are in the RF zone.  (Ptf's Compl at 2; Ltr at 1, May 4, 2012.)  That is true but, as clarified during oral argument, 1.0 acre in the RF zone is Plaintiff's homesite and was not included in the portion of the subject property receiving forestland special assessment.  (*See* Ptf's Ltr at Attachment 1.)

Plaintiff timely filed his application with Defendant in July 2011, following Defendant's disqualification of the subject property from forestland special assessment. Defendant denied Plaintiff's application in a letter dated August 12, 2011. The denial letter stated that Plaintiff had 90 days to appeal the denial to the Magistrate Division of the Oregon Tax Court. Plaintiff stated, and Defendant agrees, that the denial letter was not sent to Plaintiff's current address and Plaintiff did not receive the denial letter until August 25, 2011. (*See* Def's Reply.) Plaintiff filed his Complaint with this court on September 21, 2011. Plaintiff states that he raised the issue of Defendant's denial of his application in his Complaint when he stated "[o]ther neighbors have been granted RF status." (Ptf's Compl at 2.) As discussed during the oral argument, Plaintiff's reference to "RF" is to the zone and could not have put Defendant on notice that Plaintiff intended to appeal Defendant's denial of Plaintiff's application. The parties agree that Plaintiff raised the issue of Defendant's denial of his application during the case management conference on November 17, 2011, when he "asked if we could discuss all issues regarding this property and taxes at the court date May 17, 2012." (Ptf's Ltr at 2, May 4, 2012; Def's Reply at 2.)

Based on the November 17, 2011, case management conference, Plaintiff was under the impression that Defendant "suggested [he] file an amendment to [his] original appeal" and, based on that understanding, he sent a letter to Defendant on December 30, 2011, stating that he "contest[s]" the denial of his "application for a rollover for [his] land to non-[EFU] tax exemption." (Ptf's Ltr at 2, 10, May 4, 2012.) Defendant filed an Opposition to Plaintiff's Amended Complaint with the court on January 6, 2012; however, Plaintiff did not receive Defendant's Opposition until on or about March 1, 2012, because Defendant sent the original Opposition to an incorrect address. (*See* Def's Ltr, Mar 1, 2012.)

/ / /

/ / /

## II. ANALYSIS

The issues before the court are: (1) whether the disqualification of the subject property from forest special assessment was in error; (2) whether Plaintiff may amend his Complaint to challenge Defendant's denial of his application under ORS 308A.724(2); and (3) if Plaintiff may amend his Complaint to challenge Defendant's denial of his application, whether Defendant's denial of Plaintiff's application was in error.

This matter is before the court on cross motions for summary judgment.

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

Tax Court Rule (TCR) 47 C.[2]

A.    *Forestland special assessment disqualification*

ORS 321.257(2)[3] provides the applicable definition of western Oregon "forestland":

> " 'Forestland' means land in western Oregon that is being held or used for the predominant purpose of growing and harvesting trees of a marketable species and has been designated as forestland or land in western Oregon, the highest and best use of which is the growing and harvesting of such trees."

Plaintiff argues that his activities on the subject property, including improving the old logging road, cutting down trees for use as firewood, planting trees, and trading wood for "a farm share" that provides "vegetables and produce" are sufficient to qualify the subject property for forestland special assessment.

---

[2] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

[3] All references to the Oregon Revised Statutes (ORS) are to 2009.

Defendant responds: "Cutting down trees for personal or bartering use as firewood does not turn wooded property into 'forestland,' as that term is defined in ORS 321.257, and chopping firewood is not the equivalent of using land for the predominant purpose of 'harvesting trees of a marketable species.' " (Def's Reply at 3.) Defendant argues that Plaintiff's activities on the subject property were all "residential use[s]." (*See* Def's Mot for Summ J.) Defendant notes that "Plaintiff has not taken any of the steps necessary to obtain approval of tree harvesting activity on his property. There is nothing in the record that indicates that Plaintiff has a forest management plan in place or is in the process of developing a forest management plan." (*Id.* at 6-7.)

In a recent decision, this court considered whether 3.75 acres of property located in the RF zone in Multnomah County qualified for forestland special assessment. *Hughes v. Multnomah County Assessor* (*Hughes*), TC-MD No 110903N (Jul 10, 2012). As here, the property at issue in *Hughes* was subject to both "c" and "p" environmental overlays. Relying in part on the reasoning in *Tucker v. Lane County Assessor* (*Tucker*),[4] TC-MD No 080902D, WL 88120 (Jan 14, 2009), the court stated that "[t]he environmental overlays greatly restrict the harvest of trees on the subject property" and, absent any evidence that the plaintiffs had taken steps to ensure that they could harvest trees despite those restrictions, the court was not persuaded that the plaintiffs' "predominant purpose [was] 'the growing and harvesting of trees of a marketable species.' " *Hughes*, TC-MD No 110903N at 8-10.

/ / /

---

[4] In *Tucker*, the county assessor disqualified the property at issue based on "deed restrictions that prohibit and/or restrict the harvesting of trees, prohibit any commercial or industrial use to the land and is restricted to a residential use." WL 88120 at *1 (internal quotations omitted). The court held that the deed restrictions "interfere[d] with the legislative purpose of the forestland special assessment program" and did "not permit [the taxpayers] to hold or use the [property at issue] 'for the predominant purpose of growing and harvesting trees.' " *Id.* at *3

Viewing the facts in the light most favorable to Plaintiff and following *Tucker* and *Hughes,* the court finds that Plaintiff's "predominant purpose" was not "the growing and harvesting of trees of a marketable species." Thus, Defendant's disqualification of the subject property from forestland special assessment was not in error.

B.      *Rollover application for non-EFU special assessment*

Plaintiff seeks to amend his Complaint to challenge Defendant's denial of his application. Although the denial letter was sent on August 12, 2011, the parties agree that Plaintiff did not receive it until August 25, 2011. (*See* Def's Reply at 2.) The parties further agree that Plaintiff verbally raised the issue of Defendant's denial of Plaintiff's application during the initial case management conference on November 17, 2011. (*See id.;* Ptf's Ltr at 2, May 4, 2012.) Defendant "objected to [that] discussion, as the rollover denial had not been appealed" and filed an Opposition to Plaintiff's Amended Complaint with the court on January 6, 2012, although Plaintiff did not receive the Opposition until on or about March 1, 2012, because Defendant sent the Opposition to an incorrect address. (*Id.*; Def's Ltr, Mar 1, 2012.)

1.      *Motion to amend complaint*

The first question is whether Plaintiff sought leave to amend his Complaint despite the fact that, as of the date of this Decision, Plaintiff has not filed a written motion to amend his Complaint. "After the filing of a complaint, any request for an order of the court is a motion. Every motion, *except those made during a case management conference or trial*, shall be in writing and shall state the reasons and authorities for the motion and the relief requested." TCR-MD 6 A. (Emphasis added.) Although Plaintiff did not file a written motion to amend his Complaint, he verbally raised the issue during the November 17, 2011, case management conference. Defendant, evidently, understood that Plaintiff requested to amend his Complaint

/ / /

because Defendant verbally objected and subsequently filed its written opposition. The court next considers whether Plaintiff's verbal motion to amend his Complaint should be granted.

The Preface to the Magistrate Division rules states: "All pleadings shall be liberally construed with a view of substantial justice between the parties." "[A] party may amend the pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." TCR 23 A. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading the amendment relates back to the date of the original pleading." TCR 23 C. The Oregon Supreme Court has stated:

> "Not always clearly stated, but clearly implied in our decisions, is the rationale that an amended pleading should be permitted to relate back if the defendant is not prejudiced. In those cases in which we held the amended complaint could relate back, the original complaint apprised defendant that the plaintiff was claiming relief because of defendant's conduct at a certain time and place. If the amended pleading continues to claim relief because of that same conduct of defendant but upon a different theory, the defendant is not prejudiced because of a change in theory or a change in the cause of action. The defendant is alerted to plaintiff's claim and has the opportunity to investigate and do whatever is believed necessary to protect itself. The claim does not become stale because the legal theory or cause of action was changed in the amended complaint."

*Brackhahn v. Nordling*, 269 Or 667, 672, 526 P2d 221 (1974).

Plaintiff's Complaint was filed September 21, 2011, which was within the time allowed for Plaintiff to appeal Defendant's denial of his application. Arguably, Plaintiff sought leave to amend his Complaint to challenge Defendant's denial of his application before the time to appeal that denial had passed because Defendant mailed the notice of denial to an incorrect address and Plaintiff did not actually receive notice until August 25, 2011. Even if Plaintiff's time to appeal the denial had passed as of November 17, 2011, the court finds that Plaintiff's amended Complaint relates back to the date of Plaintiff's Complaint because the claim "arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading." TCR 23 C.

Plaintiff appealed Defendant's notice of disqualification, which triggered his right to apply for a change to non-EFU special assessment and notified him of such right:

> "Change in Special Assessment. When land is disqualified Under ORS 308A.706(1)(d), an application may be submitted for another special assessment program under ORS 308A.724, *within 30 days after the date on the notice of disqualification or by August 1* of the year in which the notice is mailed whichever date is later."

(Ptf's Compl at 4 (emphasis in original).) Defendant is not prejudiced by Plaintiff's amended complaint. The original Complaint apprised Defendant that Plaintiff challenged its notice disqualifying the subject property from special assessment and that same notice set forth Plaintiff's right to apply for a change to a different special assessment program.

> 2. *Application for change in special assessment*

ORS 308A.724(2) states in pertinent part that:

> "If an owner of land disqualified under one of the special assessment laws listed in ORS 308A.706(1)(d) seeks to qualify for farm use special assessment of nonexclusive farm use zone farmland under ORS 308A.068, the owner shall have five years, beginning with the first year in which application is made under this section, to qualify for the two-year farm use requirement of ORS 308A.068 and the income requirement under ORS 308A.071."

The subject property was disqualified from western Oregon forestland special assessment, which is "one of the special assessment laws listed in ORS 308A.706(1)(d)." Plaintiff timely filed an application for a change to non-EFU special assessment under ORS 308A.068 following disqualification of the subject property. Defendant denied Plaintiff's application because Plaintiff failed to demonstrate "farm use" of the subject property.

Ordinarily, an applicant for non-EFU special assessment under ORS 308A.068 must demonstrate that the property "has been used for the preceding two years, exclusively for farm use[.]" Defendant argues that an applicant under ORS 308A.724(2) must be in "exclusive farm use" at the time of the application. (Def's Supp Legal Arguments at 2.) In support, Defendant

states that "farm use special assessment is intended to benefit 'bona fide' farms" and "[i]t is contrary to this stated purpose to allow residential properties with no proven history of bona fide farm use to obtain the benefits of the assessment." (*Id.* at 2, 3.)

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 610, 859 P2d 1143 (1993); *see also* ORS 174.020 (the court may not "insert what has been omitted"). The legislative intent is to be determined first from the text and context of the statute. *PGE*, 317 Or at 611; *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. " 'Shall' is a command: it is used in laws, regulations, or directives to express what is mandatory." *Preble v. Department of Revenue*, 331 Or 320, 324, 14 P3d 613 (2000) (citations omitted).

ORS 308A.724(2) states that a property owner who "seeks to qualify for farm use special assessment of nonexclusive farm use zone farmland under ORS 308A.068 * * * *shall* have five years, beginning with the first year in which application is made under this section, to qualify for the two-year farm use requirement of ORS 308A.068[.]" (Emphasis added.) The language of ORS 308A.724(2) is mandatory and clearly states that taxpayers seeking to qualify under that statute are allowed five years to qualify for the two-year farm use requirement. *See also Hodel v. Multnomah County Assessor*, TC-MD No 110996D (Jul 18, 2012) (interpreting ORS 308A.724(2). Thus, Defendant's denial of Plaintiff's application was in error.

### III. CONCLUSION

After careful consideration and viewing the facts in the light most favorable to Plaintiff, the court finds that Plaintiff's "predominant purpose" was not "the growing and harvesting of trees of a marketable species." Thus, Defendant's disqualification of the subject property from forestland special assessment was not in error. The court further finds that Plaintiff

verbally sought leave to amend his Complaint during the November 17, 2011, case management conference and that Plaintiff's verbal motion to amend should be granted. Under ORS 308A.724(2), Plaintiff is allowed five years to qualify for the two-year farm use requirement under ORS 308A.068. Thus, Defendant's denial of Plaintiff's application for a change in special assessment to non-EFU special assessment was in error. Now, therefore,

IT IS THE DECISION OF THIS COURT that property identified as Account R559208 does not qualify for forestland special assessment for the 2011-12 tax year.

IT IS FURTHER DECIDED that Plaintiff's verbal motion to amend his Complaint to challenge Defendant's denial of his application under ORS 308A.724 for a change in special assessment to non-EFU special assessment is granted.

IT IS FURTHER DECIDED that property identified as Account R559208 qualifies for non-EFU special assessment under ORS 308A.724.

Dated this _____ day of August 2012.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on August 31, 2012. The Court filed and entered this Decision on August 31, 2012.*